## TASKER *v.* MARSHALL.

Where in a proceeding seeking the specific performance of a contract for the conveyance of land, a controversy arose in the Supreme Court, whether the complainant had in the District Court, introduced certain receipts, (now lost) showing the payment of the purchase money; and where, upon the *ex parte* affidavits submitted by the parties, as to the fact in controversy, it was left in great doubt, whether such receipts had been produced and offered in evidence; *Held*, That the court might either determine the case upon the record and affidavits, or might, in the exercise of a sound discretion, remand the cause, for the purpose of having the District Court embody in a proper bill of exceptions, the facts as to the proof made on the hearing.

*Appeal from the Muscatine District Court.*

THE respondent made his bond for the sale and conveyance of certain real estate to plaintiff. For the consideration money, complainant executed his promissory notes, which were assigned by defendant, and judgments recovered thereon in the name of the assignees. The complainant brings this action, seeking a specific performance of said

contract to convey, and in the event that respondent is not able to make title to said real estate, that he be required to respond in damages for such failure. A material question in the case is, whether said judgments, so recovered upon said notes, have or have not been satisfied. All of the testimony purports to be embodied in the record, but nothing is found tending to show the payment of said judgments. The complainant insists that on the trial below, he introduced certain receipts or instruments which proved conclusively such payments in writing, which receipts have, since said trial, been lost or mislaid, and cannot be produced on the hearing of this appeal. This is denied by respondent, he insisting that said judgments never were paid, and that no such evidence was introduced on the trial below, as is claimed by complainant. Under this state of the record, each party were permitted to introduce a number of *ex parte* affidavits, to support their respective positions. The court being called upon to determine the case, taking into consideration such affidavits, submitted the following opinion and order.

*J. C. Hall*, for the appellant.

*Geo. C. Dixon*, for the appellee.

WRIGHT, C. J.—The appellant in his argument, as originally submitted in writing, seeks to reverse the judgment below, alone upon the ground that the entire consideration money for the real estate sold by respondent, remains unpaid. It would seem that counsel for appellee submitted his argument, also in writing, without having seen that of appellant, for throughout he assumes such payment as a matter about which there was no controversy, and makes no response to the only point in defendant's brief. It being thus manifest to the court, that for some cause, one, if not both parties were laboring under a mistake as to what was contained in the record, we called their attention to the same, and this led to the filing of the affidavits referred to

Tasker v. Marshall.

in the statement of the case. Several of these have been filed on each side. The point in controversy is, whether certain receipts or evidences of the payment of the judgments recovered for the consideration money, were introduced on the hearing of this case in the court below. The affiants appear to be quite clear and positive on each side of this question. To determine the case as it now stands, it appears to us might be at the great hazard of doing injustice to these parties. From the affidavits before us, we are at a great loss to determine whether said proof was in fact made. And yet there are many very strong circumstances, as well as positive statements, in favor of the position that said proof was made. If made, the receipts are lost by some means, not attributable to either party perhaps, and certainly not to complainant. Under such circumstances, we think it safer, and more likely to arrive at the truth in the premises, to remand the case, with instructions to ascertain and embody in a proper bill of exceptions or otherwise, the evidence upon this subject on the former trial, but for no other purpose. After they are thus heard, either party can bring the case to this court for final adjudication.

Acting upon the rule recognized in *Coffin* v. *Hammond*, 3 G. Greene, 241, we would entertain no doubt of our right to determine the case upon the record and affidavits before us. We are equally clear, that in the exercise of a sound discretion, it is entirely competent to remand the case for the purpose above indicated. It will, accordingly, be so remanded.