HERRING v. NEELY ET AL.

1. **Equitable Jurisdiction**: MORTGAGE: PLEADING. In an action of an equitable character wherein a conveyance and bond for reconveyance are together adjudged to constitute a mortgage. the court may decree a foreclosure of the mortgage under a prayer for general relief, although it is not specifically asked for.

2. ———: ———: ———. In rendering the decree of foreclosure the court properly gave judgment for the amounts found to be due the mortgagee, after deducting the sum ascertained to be due the mortgagor.

*Appeal from Harrison District Court.*

SATURDAY, APRIL 22.

PLAINTIFF in this action claims to recover of defendants for wheat sold and for the rent of land. The defendants in their answer set up certain counter-claims and defense to plaintiff's cause of action. They also show that, being indebted to plaintiff, they conveyed to him certain land for security, which he obligated himself by bond to reconvey upon payment of the indebtedness secured. The answer asks as relief judgment against plaintiff for an amount named and prays that a "decree be entered declaring said deed to be a mortgage and requiring said plaintiff to treat it as such, and for such other and further relief as defendants may show themselves justly entitled to." A decree was rendered finding certain separate sums due plaintiff upon the accounts sued on. and upon the notes secured by the deed, and that certain sums are due defendants on the claims set up in their answer. A judgment for plaintiff was rendered for the difference. The court

declared that the deed and bond for the land constituted a mortgage and foreclosed the same, ordering the land to be sold upon a special execution for the amount of the judgment. From this judgment and decree defendants appeal.

*Mickel & Shoemaker*, for appellant.

*Lew Hart*, for appellees.

Beck, J.—No objection is made to the form and manner of the proceedings, on account of their equitable character and their prosecution as an action at law. It could not be sustained if made. *Van Orman v. Merrill*, 27 Iowa, 476.

The evidence upon which the case was tried is not before us. The defendants' objections, it is claimed by counsel, are founded upon matters which appear in the pleadings and decree.

I. It is first insisted that the court erred in rendering a decree foreclosing the mortgage, because no such claim of 1. EQUITABLE relief is made in defendants' answer. But they jurisdiction: do claim such relief as, under the rules of equity, mortgage: practice. they are entitled to recover. Their prayer for relief is general. After the court had found the deed and bond operated as a mortgage, it may have found that equity required, in order to protect the rights of one or both of the parties, the mortgage to be foreclosed. One ground for such an order would be the avoidance of a multiplicity of actions. Others based upon the evidence may have appeared. We cannot hold the decree to be erroneous in the absence of some positive showing of error.

II. It is urged that the finding of the court as to the amount due plaintiff, after deducting the indebtedness found upon defendants' claims, is erroneous. But the question of the court's findings upon the facts cannot be determined, as we do not have the evidence before us.

The answer of defendant brought all the matters of account and the claims of the two parties which were set out in their 2. ———:———: pleadings, including the mortgage and the sums ———. due thereon, before the court. The pleadings, as

we have seen, authorized the court to foreclose the mortgage when the deed and bond were found to constitute such a security, if equity so required. In rendering the decree of foreclosure the amount found due defendants was properly deducted from the sum ascertained to be due plaintiff. Whether these amounts were correctly found by the court, we cannot determine in the absence of the evidence. The decree violated no principle of equity or rule of law, so far as we can determine from the record.

AFFIRMED.