## HAIT v. ENSIGN ET AL.

1. **Fraud:** FORGED CANCELLATION OF MORTGAGE: RIGHTS OF MORT-
GAGOR, MORTGAGEE AND SUBSEQUENT PURCHASER.  Where plaintiff
sold land to defendant, taking in part payment notes payable to bearer
and secured by mortgage on the land, and afterwards placed the notes in
the hands of an agent for collection of interest, and the agent forged a
cancellation of the mortgage and delivered to defendant the notes, and
took to himself a conveyance of the land, from defendant, and afterwards
mortgaged the land to another, and under the foreclosure of this last
mortgage the land was sold and deeded to H., *held* that the cancellation
of plaintiff's mortgage and the deed from defendant to the agent were
properly set aside, and the mortgage restored with its priority of lien;
that H. took no title, as against the plaintiff, under the foreclosure sale;
and that plaintiff was entitled to a foreclosure of his mortgage against all
the parties.   But since defendant acted in good faith, and plaintiff after-
wards knew of and consented to the exchange of the notes for the deed,
but supposed the deed to have been made to himself. and knew that his
agent had possession of the land, and since plaintiff was, after that,
entitled to the rents and profits of the land, *held*, further, that he was
not in equity entitled to interest on his claim after he had knowledge of
the transaction.

2. **Decree:** UNDER GENERAL PRAYER.  Although a decree of foreclosure
is not specifically asked, yet where there is a prayer for general relief,
and the facts justify a decree of foreclosure, it may be granted.

3. **Practice in Supreme Court:** ENTERING DECREE. Either party
is entitled to a judgment in this court, if deemed best; but since the
decree in this case will affect the title to real estate, it is thought best to
remand the cause to the district court for a decree there in accordance
with this opinion.

*Appeal from Clayton District Court.*

THURSDAY, OCTOBER 18.

THE petition states that in 1870 the plaintiff was the owner
of certain described real estate, which he sold and conveyed
to the defendant, Ensign, who executed to the plaintiff a
mortgage on said real estate to secure the unpaid portion of
the purchase money; that the mortgage was duly filed for
record, and that plaintiff at all times was the owner of the

notes and mortgage; that said mortgage was released of record, but not by the plaintiff, nor was the release executed or signed by him; that said Ensign sold and conveyed the mortgaged premises to one A. E. Hait, and that the defendant, Hugo Huss, claims to own the same by title derived through A. E. Hait. The relief asked is that said pretended release be declared fraudulent and void and the same be canceled of record, and plaintiff's mortgage be restored with its original priority of lien, and for general relief.

The answer admitted certain allegations in the petition, denied others, and set up a defense, which is sufficiently referred to in the opinion.

The court found that the release was a forgery and void, and foreclosed the mortgage, and made the same a prior lien on the premises. The defendants appeal.

*James O. Crosby*, for appellants.

*Murdoch & Davidson* and *W. A. Preston*, for appellee.

SEEVERS, J.—I. The appellee insists that this case is not triable anew in this court; but we think it is. The evidence shows that A. E. Hait, without authority, signed the name of the plaintiff to the release. This was a forgery, and the plaintiff is in no manner bound thereby. We do not understand this to be seriously disputed by counsel for the defendants. That portion of the judgment of the district court holding the release to be void is affirmed.

1. FRAUD: forged cancellation of mortgage: rights of mortgagor, mortgagee and subsequent purchaser.

II. The notes secured by mortgage were payable to bearer, and the plaintiff, who resided in New York, placed the same in the hands of A. E. Hait for the purpose of collecting the interest, which was payable annually. The plaintiff did not in so doing part with his interest in the notes or mortgage. As we understand the evidence, A. E. Hait made an arrangement with Ensign to surrender the notes and mortgage, and Ensign was to convey the premises, in order to

THE SAME.

prevent a foreclosure. It is not entirely clear to whom the conveyance was to be made, but it in fact was made to A. E. Hait, and he surrendered the notes and mortgage to Ensign, and executed a release of the mortgage as above stated. Afterward A. E. Hait executed a mortgage to the Phœnix Insurance Company, which was foreclosed, and the defendant, Hugo Huss, claims to own the mortgaged premises under the foreclosure proceeding.

The plaintiff had no knowledge, except as hereafter stated, of the conveyance to A. E. Hait, and never authorized it to be made. Ensign knew, and so testified, that A. E. Hait did not claim to own the notes, and that he supposed they belonged to the plaintiff at the time the foregoing arrangement was made. He also testifies that he knew A. E. Hait was doing business for the plaintiff. Under these circumstances, it is clear to our minds that the plaintiff cannot be deprived of his property in the notes or real estate. The conveyance made by Ensign to A. E. Hait is void and of no effect as against the plaintiff. It is true, as we have stated, that the plaintiff knew of the arrangement to surrender the notes and mortgage to avoid a foreclosure. But it necessarily follows, as he did not intend to part with his interest in the property, that he supposed the conveyance by Ensign was to be made to him. The plaintiff sanctioned the surrender of the mortgage, under the belief that the legal title of the real estate would be vested in him. He never gave, or agreed to give, A. E. Hait either the notes, mortgage or land, and at no time did he part with his title thereto, or agree to do so, with the expectation that he would be deprived of his property. A. E. Hait had no authority to take a conveyance of the land to himself, nor was Ensign authorized to make it. The court correctly determined that the conveyance from Ensign to A. E. Hait should be set aside, and as the title of Hugo Huss depends upon the validity of the Ensign conveyance, it follows that Huss has no title.

III. Complaint is made that the amount found due on the

notes and mortgage is two great.   One of the notes was for four hundred dollars, which was pledged for the repayment of one hundred dollars which was received by the plaintiff.   The note was redeemed from the pledgee by the payment by A. E. Hait of the amount borrowed. As the plaintiff received the one hundred dollars, we do not think he is entitled to it again.   The amount of principal due on this note should be regarded as three hundred dollars. We have some difficulty in determining when the plaintiff obtained knowledge of the arrangement to surrender the notes and mortgage to prevent a foreclosure.   Ensign made the conveyance in April, 1877, and the forged release of the mortgage was made in May thereafter.   But we are unable to find that the plaintiff had knowledge of the arrangement in relation to the surrender, until 1878.   Conceding that to be correct, we find that the plaintiff, from his own evidence, did not expect to receive any interest on the notes after that time.   As between him and Ensign, the arrangement amounted to a foreclosure, and, in pursuance of the arrangement, the title should have been vested in the plaintiff.   The latter knew A. E. Hait was in possession of the land, and the plaintiff was entitled to the rents and profits.   We do not think he should receive interest after that time.   Ensign acted in the utmost good faith, and supposed the notes were paid. The plaintiff believed this to be so.   Because, however, of the fraud of A. E. Hait in having the conveyance made to himself, the plaintiff is entitled to have the mortgage foreclosed in order to protect his rights.   We think the court erred in finding the amount due, because, as we understand, interest on the notes was allowed up to the time the judgment was entered, while we think no interest should be allowed after 1878.   It is said a foreclosure of the mortgage is not asked, but there is a prayer for general relief.   Under this prayer it has been held that there may be a foreclosure of a mortgage, if the facts stated justify such relief.   *Herring v. Neely*, 43 Iowa, 157.   As

THE SAME.

2. DECREE under general prayer.

the judgment will affect the title to real estate, it seems to us that the final judgment should be entered in the district court. We, however, recognize the right of either party to a judgment in this court, if such course is deemed best. We **3. PRACTICE in supreme court: entering decree.** will, however, remand the cause to the district court, with direction to enter a judgment in accordance with the opinion. The plaintiff must pay the costs in this court.

MODIFIED AND AFFIRMED.