## WHITE v. FARLIE ET AL.

1. **Practice in Supreme Court:** EQUITY CASE: EVIDENT MISTAKE IN PLEADING: CAUSE REVERSED AND REMANDED WITH LEAVE TO AMEND. Ordinarily this court has no power to remand an equity case triable *de novo*, but must try and determine it on the record presented; but there are exceptions to the rule, and it has been held that the power to remand exists when it is necessary for the purpose of effectuating justice. (See cases cited.) And in this case, where there was an evident mistake in the pleadings, which was not discovered until after the appeal, on account of which a judgment rendered upon the record would be unjust, *held* that the cause should be remanded with leave to the parties to replead, and to introduce such further evidence as they might desire.

*Appeal from Mills Circuit Court.*

MONDAY, DECEMBER 14.

ACTION IN EQUITY. Decree for plaintiff, and defendants appeal.

*Watkins, Williams & Wright*, for appellants.

*Stone & Gilliland*, for appellee.

SEEVERS, J.—The petition states that the defendant Farlie, in February, 1883, was the owner of certain real estate, which is described in the petition, which she sold and conveyed to the plaintiff; and that she agreed that the plaintiff should have a road about twenty-five feet in width, commencing at the south-west corner of the land conveyed, and running thence west along and on the south line of the tract of land which adjoins the above-described land on the west, which, at said date, was owned and occupied by the defendant Eulitt. The petition also, in substance, states that the defendants have obstructed and interferred with the free use of the road, and an injunction was asked restraining them from so doing. The relief asked was granted. It will be observed

that the road described in the petition runs west from the starting place. The evidence conclusively shows, if the defendants ever agreed to furnish or procure a road, that it was to run east from the place of beginning. The appellee concedes that the proposed road is not properly described in the petition, and that wherever the word "west" occurs in the petition it should be "east;" and he asks to have the case remanded, and the court below directed to allow the plaintiff to amend his petition, and therein properly describe the road, and that, when this is done, the decree be affirmed. To this appellants object, because the case is here for a trial anew, and that this court must affirm or reverse the judgment appealed from, or render such judgment as the inferior court should have rendered, as provided in section 3194 of the Code.

It is clear that we cannot affirm the judgment, for the simple reason that the appellee is not, under the evidence, entitled to the relief asked in the petition. If we should reverse on the ground that the plaintiff is not entitled to the relief asked, it is doubtful whether it would bar another action in which the plaintiff should ask proper relief. The appellant contends that he is entitled to a decree in this court, and that we have no power to remand, but must try and determine the case on the record now before us. That this is the ordinary rule in equity causes must be conceded; but to it there are exceptions, as will appear from the following adjudged cases: *Tuscar v. Marshall*, 4 Iowa, 544; *Lyon v. Tevis*, 8 Id., 79; *Ware v. Thompson*, 29 Id., 65; *Jones v. Clark*, 31 Id., 497; *Miller v. Corbin*, 48 Id., 525; *Sweet v. Brown*, 61 Id., 669. While none of these cases are precisely like the one at bar, they do hold that the power to remand a case exists for the purpose, in a proper case, of effectuating justice.

The statute provides that the court may, at any time, in the furtherance of justice, permit a party to amend any pleadings to correct a mistake. Code, § 2689. To our

minds it is too clear for controversy that a mistake was made in describing the road in the petition. The record fails to show that such mistake was discovered until after the appeal. Without doubt, had attention been called thereto in the circuit court, it would have been corrected. It is obvious that if counsel for the appellants had knowledge of the mistake prior to the decision in the circuit court, they failed to disclose it to either the court or the counsel for the appellee. We are not prepared to say that they were bound to do so. The mistake is one that might have been made by the most careful practitioner, and we are unwilling to hold that the right to correct does not exist. On the contrary, we think such right, under the statute, cannot be successfully controverted. The only question, then, is whether the case should be simply remanded, or whether the judgment below should be reversed, and the case remanded with directions to the circuit court as to the future proceedings. In *Lyon v. Tevis*, before cited, the record was so confused that the court could not determine with safety to the parties what relief should be granted, and it was held that the court should have sustained a demurrer of one of the defendants on the ground that he was not a proper party; and to this extent the judgment was reversed, and the cause remanded with leave to the parties to replead.

This case is clearly presented by the record before us; and the appellants are in no manner responsible for the mistake which prevents us from determining the case on the merits. Besides this, we must either affirm or reverse, or render such a judgment as the circuit court should have rendered. Therefore the judgment of the district court must be reversed, and the cause remanded, with direction to both parties to replead, and if they, or either of them, so desire, additional evidence may be taken and introduced.