THOMAS SPELLMAN v. LINCOLN RAPID TRANSIT COMPANY.

FILED MAY 3, 1893. No. 4997.

1. **Street railway companies** are common carriers of passengers, and are liable as other common carriers upon common law principles.

2. **Common carriers**, for the protection of their passengers, are bound to the exercise of more than ordinary care; they are bound to exercise extraordinary care and the utmost skill, diligence and human foresight, and are liable for the slightest negligence.

3. **Street Railway Companies: INJURY TO PASSENGER: PRESUMPTION OF NEGLIGENCE: BURDEN OF PROOF.** Where a street railway car is derailed and a passenger injured thereby, the presumption is that the casualty was due to the negligence of the carrier, and the burden is on it to rebut that presumption.

4. ——: ——: ——: ——. Where a passenger, without negligence on his part, is injured by the derailment of the car in

which he is traveling, the carrier, to overcome the presumption of negligence caused by such derailment, must show that the accident was produced by causes wholly beyond its control, and that it had not been guilty of the slightest negligence contributing thereto, and that by the exercise of the utmost human care, diligence, and foresight the casualty could not have been prevented.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Charles A. Burke* and *Stearns & Strode,* for plaintiff in error.

*Webster, Rose & Fisherdick, contra.*

RAGAN, C.

Thomas Spellman brought suit in the district court of Lancaster county, Nebraska, against the Lincoln Rapid Transit Company, alleging that it was a corporation owning and operating a street railroad in the city of Lincoln, and that on the 23d of May, 1890, while he, Spellman, was a passenger upon one of the transit company's cars, the defendant, its agents and servants, so negligently and carelessly used, managed, and controlled the said car and the engine by which it was drawn, and so negligently and carelessly managed, used, looked after, and repaired said road and the tracks and switches connected therewith, that the car in which the plaintiff was carried, and the engine drawing the same, were allowed to run off the track; that in consequence of the car running off the track plaintiff was thrown with great force and violence against the seat and the railing thereof in front of him, and then back on the seat and edges thereof behind him, and was thereby permanenly injured, and that the plaintiff was careful and did not contribute to the injury in any degree whatever, and prayed for damages against the transit company.

The answer of the defendant denied all negligence of

itself or servants; admitted that the car was derailed as
claimed by the plaintiff; denied that the plaintiff's injuries
were permanent, and alleged that the plaintiff was suffer-
ing from a rupture of old and long standing.    To this there
was a reply, consisting of a general denial, by the plaintiff.

There was a trial to a jury and a verdict for the transit
company, and Spellman brings the case here on error.

On the trial it was admitted that the transit company
was a corporation and engaged in the carrying of passen-
gers for hire.    There was no pleading or proof that Spell-
man was guilty of any contributory negligence whatever.
The motive power of the cars was a dummy steam engine.
The evidence in the record does not afford any precise ex-
planation for the cause of the car's leaving the track.

The trial judge, at the request of the transit company,
gave the jury the following instruction :

"While it is the duty of the defendant, as a carrier of
passengers, to exercise proper care for their safety, yet the
defendant is not an insurer of the safety of its passengers
and not liable to them for injuries resulting from such de-
fects in its means of transportation as could not have been
guarded against by the exercise of care on its part, and
which are not due in any way to negligence on its part.

"The test of negligence in such cases is whether the de-
fects ought to have been observed practically and by the
use of ordinary and reasonable care."

The giving of this instruction is here assigned for error.
It will be observed that the test submitted by the learned
judge to the jury was whether the transit company used
ordinary and reasonable care.    The defendant in error was
a common carrier of passengers for hire, and the question
to be determined in passing upon the correctness of this
instruction is, what degree of care is due from a common
carrier of passengers to its passengers?

In Rorer, Railroads, vol. 2, p. 1434, it is said: "For
njuries occasioned by negligence, street railways are liable,

as others are, upon common law principles, and no more so." And on page 1436 the same authority says: "The company is bound to the highest degree of care and utmost diligence to prevent their (passengers) injury." To the same effect, see Shearman & Redfield, Negligence, sec. 226.

In *Smith v. St. Paul City Street R. Co.*, 32 Minn., 1, the court say: "Street railway companies, as carriers of passengers for hire, are bound to exercise the highest degree of care and diligence consistent with the nature of their undertaking, and are responsible for the slightest negligence."

In *Sales v. Western Stage Coach Co.*, 4 Ia., 546, the rule is thus laid down: "Carriers of passengers for hire are bound to exercise the utmost skill and prudence in conveying their passengers, and are responsible for the slightest negligence or want of skill in either themselves or their servants." (See also *Bonce v. Dubuque Street R. Co.*, 5 N. W. Rep. [Ia.], 177.)

In *Derwort v. Loomer*, 21 Conn., 245, the supreme court of that state laid down the rule thus: "In the case of common carriers of passengers, the highest degree of care which a reasonable man would use is required by law."

This is also the doctrine of the supreme court of California. See *Wheaton v. North Beach & M. R. Co.*, 36 Cal., 590, where it is said: "Passenger carriers, by their contract, bind themselves to carry safely those whom they take into their coaches or cars, as far as human foresight will go; that is, for the utmost care and diligence of very cautious persons."

This is also the rule in New York. See *Maverick v. Eighth Ave. R. Co.*, 36 N. Y., 378, where it is said: "Passenger carriers bind themselves to carry safely those whom they take into their coaches, to the utmost care and diligence of very cautious persons." (See also *Carroll v. Staten Island R. Co.*, 58 N. Y., 126.)

This is also the doctrine of the supreme court of Colorado. (See *Denver, S. P. & P. R. Co. v. Woodward*, 4 Col., 1.)

This is the doctrine of the supreme court of the United
States. In *Philadelphia & R. R. Co. v. Derby*, 14 How.
[U. S.], 485, it is said : " When carriers undertake to con-
vey persons by the powerful, but dangerous agency of
steam, public policy and safety require that they be held to
the greatest possible care and diligence." This doctrine is
reaffirmed by the same court in *Steamboat New World v.
King*, 16 How. [U. S.], 469. See these cases cited and
approved in *Indianapolis & St. L. R. Co. v. Horst*, 93 U.
S., 291, where the court say, in reviewing the cases cited
above : "We desire to reaffirm the doctrine, not only as
resting on public policy, but on sound principles of law."
They also cite *New York C. R. Co. v. Lockwood*, 17 Wall.
[U. S.], 357, and quote and affirm that case as saying:
"The highest degree of carefulness and diligence is ex-
pressly exacted." Continuing, the court say : " The stand-
ard of duty should be according to the consequences that
may ensue from carelessness. The rule of law has its
foundation deep in public policy. It is approved by ex-
perience and sanctioned by the plainest principles of reason
and justice. It is of great importance that courts of justice
should not relax it. The terms in question do not mean
all the care and diligence the human mind can conceive
of, nor such as will render the transportation free from
any possible peril, nor such as would drive the carrier
from his business; but it does emphatically require every-
thing necessary to the security of the passenger, and
reasonably consistent with the business of the carrier and
the means of conveyance employed.

"The rule, as gathered from the foregoing authorities,
requires that a common carrier of passengers shall exercise
more than ordinary care; it requires the exercise of extra-
ordinary care; the exercise of the utmost skill, diligence,
and human foresight; and makes the carrier liable for the
slightest negligence."

It follows from the foregoing that the giving of the in-
struction complained of was error.

Spellman also assigns as error the giving by the court below, at the request of the transit company, instructions Nos. 2 and 3.    They are as follows :

"2. If ,the jury find from the evidence that the defendant constructed and laid its track in a proper manner, and had the same made safe and in good condition at the place of the accident complained of before it was put into use, and from time to time since, at reasonably short intervals, had the same inspected and repaired by competent track men, specially employed for that purpose, and that the car upon which the plaintiff was riding at the time of the accident was derailed without any fault or neglect of the person or persons in charge thereof for defendant, and the same is not shown to have been caused by any defect in said road or car, then the plaintiff could not recover for any injuries caused thereby, and the jury should find for the defendant.

"3. Unless the jury find that the cause of the accident was some definite and proven defect of defendant's road, engines or cars, or negligence on the part of defendant's employes in operating the same, and could have been avoided by exercise of proper care in inspection and repair and operation, then the jury will find for the defendant. The mere fact that the defendant's car left the track and that plaintiff thereby sustained injury, is not sufficient to sustain a verdict for the plaintiff.  To find a verdict for the plaintiff the jury must find that the defendant was in some way negligent in the care of its track or the running of its train, and the accident was caused by such negligence."

We shall consider these two instructions together.  The court, in effect, told the jury by these instructions that, though Spellman might have been injured by the derailing of the car, that fact did not raise a presumption of negligence against the transit company; and further, it put the burden on Spellman of proving the particular cause of the derailment of the car.

In Rorer, Railroads, vol. 2, p. 1434, it is said: "In actions against  *  *  *  (street railways) for personal injuries caused by the cars leaving the track, the burden of proof is on the company to show that there was no fault or want of care on its part." See the same doctrine in Patterson's Railway Company Accident Law, sec. 439.

The supreme court of the United States in *Stokes v. Saltonstall*, 38 U. S., 181, decided: "In an action against the owner of a stage coach used for carrying passengers for an injury sustained by one of the passengers by the upsetting of the coach, the owner is not liable, unless the injury of which the plaintiff complains was occasioned by the negligence or want of proper skill or care in the driver of the carriage.  *  *  *  The fact that the carriage was upset *  *  *  is *prima facie* evidence that there was carelessness or negligence or want of skill upon the part of the driver, and casts upon the defendant the burden of proving that the injury was not occasioned by the driver's fault." This case was affirmed by the same court in *New Jersey R. Co. v. Pollard*, 22 Wall. [U. S.], 341.

In *Cleveland, C., C. & I. R. Co. v. Walrath*, 38 O. St., 461, the supreme court of Ohio thus announces the rule: "On proof of injury sustained by a passenger on a railroad train by the falling of a berth in a sleeping car, and that the passenger was without fault, a presumption arises, in the absence of other proof, that the railroad company is liable;" citing and affirming *Iron R. Co. v. Mowery*, 36 O. St., 418.

The supreme court of Colorado in *Denver, S. P. & P. R. Co. v. Woodward*, 4 Col., 1, adopted the rule in this language: "If a passenger is killed in consequence of the overturning of a car, a presumption arises that the casualty was the result of negligence, but such presumption may be rebutted."

The supreme court of Minnesota in *Smith v. St. Paul C. R. Co.*, 32 Minn., 1, formulates the rule as follows:

"Where an injury occurs to a passenger through a defect in the construction or working or management of the vehicle, or anything pertaining to the service which the carrier ought to control, a presumption of negligence arises from the happening of the accident, and upon such proof the burden will devolve upon the defendant to exonerate himself by showing the existence of causes beyond his control, unless evidence thereof appears as part of the plaintiff's case."

In the course of the opinion the learned judge who delivered it said : " The severe rule which enjoins upon the carrier such extraordinary care and diligence is intended, for reasons of public policy, to secure the safe carriage of passengers, in so far as human skill and foresight can affect such result. From the application of this strict rule to carriers, it naturally follows that where an injury occurs to a passenger through a defect in the construction, or working, or management of the vehicle, or anything pertaining to the service, which the carrier ought to control, a presumption of negligence arises. The rule is therefore frequently stated, in general terms, that negligence on the part of the carrier may be presumed from the mere happening of the accident. The reason of the rule seems to be that from the very nature of things the means of proving the specific facts are more in the power of the carrier. The latter owning the property and controlling the agencies, is presumed to have peculiarly within his own knowledge the cause of the accident, which he might be interested to withhold, and might himself be unable to prove."

Such is the doctrine of the supreme court of Illinois as expressed by that court in *Peoria, P. & J. R. Co. v. Reynolds*, 88 Ill., 418, where it is said: " Where a railway car is thrown from the track whereby a passenger for hire is injured, the presumption is that the accident resulted either from the fact that the track was out of order, or the train badly managed, or both combined, and the burden is on

60

the company to show it was not negligent in any respect."
This is also the rule in Indiana. (See *Pittsburgh, C. & St.
L. R. Co. v. Williams*, 74 Ind., 462.) It is also the rule
in New York. (See *Seybolt, Administratrix v. New York,
L. E. & W. R. Co.*, 95 N. Y., 562.)

In *Feital v. Middlesex R. Co.*, 109 Mass., 398, the
action was against a street railway company for injuries
resulting to plaintiff from an accident that happened while
she was traveling in one of the defendant's cars. The
plaintiff, to prove her case against the street car company,
called the conductor and the driver of the car as witnesses,
and they testified that the car ran off the track, one wheel
inside and one outside of the track; that they with others
left the car in question; that there was no defect in the
car, the wheels, or the track; that the car was going about
five miles an hour; that when they lifted the fore-wheels
on the track, everything was right, and the car went on;
that the cars went over this place just before and just after-
wards without trouble and they did not know what made
the car run off.

At the close of plaintiff's case defendant requested a
ruling that the plaintiff could not recover, because she had
failed to show negligence on the part of the street railway
company. This motion was overruled. The railway com-
pany then introduced evidence that the road where the ac-
cident occurred had been gone over by their superintend-
ent the day before the accident, and that there was no defect
in it; that the day after the accident he saw the place
where it occurred, and that there was nothing the matter
with the road then and had not been since. The railway
company then requested the court to instruct the jury as
follows:

"The plaintiff received her accident from the fact of the
car's running off the track while traveling at a moderate
rate. There is no evidence that the car was out of order.
It is not claimed that the driver did anything wrong, or

that the rails were before, or then, or afterwards out of order. * * * Under these circumstances the plaintiff cannot recover. That there was no evidence of any negligence on the part of the railway company. That the burden of proof is upon the plaintiff to show how the accident happened, and what was the particular negligence that caused the same; and that, unless the plaintiffs had done so they could not recover."

The trial court refused to so instruct, and this refusal was assigned as error. On appeal to the supreme court it said: "On the trial of an action against a street railway corporation for injuring a passenger, proof that the injury was caused by a car's running off the track at a place where the track and the car were under the exclusive control of the defendants is sufficient to charge them with negligence, in the absence of any evidence that the accident happened without their fault."

In the light of the foregoing authorities the court erred in giving the instructions complained of.

In our review of this case we have not been unmindful of the suggestion of the counsel for defendant in error that the trial court cured instruction No. 3 complained of by instructing the jury of his own motion: "A train of cars, similar to that operated by the defendant, is presumed to stay upon the track, and if such train should, for any reason, leave the track, the presumption is that it left the track through some fault of the defendant." It is not necessary to determine now whether this construction conflicted with the ones complained of, nor whether one cured the other. The greatest difficulty with the instruction complained of lies in this: "Unless the jury find that the cause of the accident was some definite and proven defect of defendant's road, engine, or cars, or negligence on the part of the defendant's employes in operating the same, and could have been avoided by the exercise of proper care in inspection, repairing, and operation, then the jury will,

find for the defendant." Here the jury were told in effect that the burden was on the plaintiff below to prove the cause of the derailment. This is not the rule. There is no claim by any one, nor is there a word of evidence, that Spellman was guilty of any negligence whatever. The transit company was a common carrier of passengers. Spellman was a passenger on its train. The car on which he was riding was derailed. He alleged he was injured thereby, and there was evidence to support the allegation. He alleged that the derailment of the car was through the carrier's negligence. The law by presumption supplied that proof for him. This was enough. The burden was then on the carrier to rebut this presumption of negligence by showing that it was produced by causes wholly beyond its control, and that it had not been guilty of the slightest negligence contributing thereto, and that by the exercise of the utmost human care, diligence, and foresight the casualty could not have been prevented.

The judgment of the district court is reversed, and the cause remanded with instructions to the court below to grant the plaintiff in error a new trial.

REVERSED AND REMANDED.

THE other commissioners concur.