## LAKE SHORE ELECTRIC RY. v. EARL M. HOBART.

1. NEGLIGENCE NEED NOT BE CHARGED IN TERMS WHEN FACTS ARE ALLEGED WHICH SHOW PRIMA FACIE NEGLIGENCE.

A petition which alleges specific facts making a *prima facie* case of negligence is not demurrable because negligence is not in terms alleged.

Railway v. Hobart.

2. DERAILMENT OF PASSENGER CAR UNDER RES IPSA LOQUITUR HELD PRESUMPTION OF NEGLIGENCE.

The derailment of a passenger car directly resulting in injury to a passenger on such car, under the principle of *res ipsa loquitur*, raises a presumption of negligence.

3. AN ALLEGED PERMANENT SCAR CANNOT BE PROVEN TO BE OF A CANCEROUS NATURE.

Under mention in a petition of an injury as a permanent scar it is error to allow proof that such scar might be of a cancerous and malignant nature; the petition should set out specifically the nature of the injuries relied upon as damage.

4. AMENDMENT OF PETITION AFTER EVIDENCE AGAINST OBJECTION BY INSERTING ADDITIONAL ELEMENTS OF DAMAGE, IS ABUSE OF DISCRETION.

After close of all the evidence and while instructions are being given, it is an abuse of the trial court's discretion to grant leave to amend the petition so as to insert additional elements of damage to conform to proof which had been admitted against objection.

5. FACTS ASSUMED IN HYPOTHETICAL QUESTIONS MUST FIRST BE ESTABLISHED IN CASE.

Hypothetical questions addressed to experts are improper when they assume facts as to which there is no evidence.

6. X-RAY SKIOGRAPHS MUST BE IDENTIFIED BEFORE ADMISSIBLE AS EVIDENCE.

An X-Ray skiograph claimed to be that of plaintiff should be identified as such before it can properly be admitted as evidence.

7. TESTIMONY OF DOCTOR AS TO STATEMENTS OF SUBJECTIVE CONDITIONS, PAIN, ETC., INCOMPETENT.

The testimony of expert witnesses as to statements made by plaintiff during examination of plaintiff to qualify such experts to testify of subjective conditions, pain, etc., which would not be disclosed by usual observations or some other objective that a doctor might make is incompetent.

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

WILDMAN, J.

Hobart brought suit in the court below for an alleged personal injury and obtained a verdict and judgment against the Lake Shore Electric Railway Company in the sum of $9,750. The proceeding here is instituted to reverse that judgment, and numerous errors are assigned as occurring upon the trial below.

I will not attempt to recite specifically all of them, but will pay attention to those deemed by us of the most importance.

It was claimed in the trial court and is very earnestly

Lucas County.

urged to us, that the petition of the plaintiff demurrable on the ground that it does not state facts constituting a cause of action against the defendant. The petition is a peculiar one. It alleges that the plaintiff was a passenger upon a car of the defendant; that the car was derailed, or left the track, at some point along the line of the defendant's road, and that by reason of this derailment the plaintiff received serious injuries recited in his petition and upon which he claims damages. It is not in terms alleged that the defendant company was negligent. In other words, it does not appear anywhere by any expressions in the petition that the fact that the car left the track was due to any negligence of the defendant company, and because of this omission it is insisted that the petition is insufficient. Numerous authorities are cited which tend to sustain this contention, but we feel compelled by the conclusion reached and expressed by the Supreme Court in the *Baltimore & O. Ry.* v. *Kreager,* 61 Ohio St. 312 [56 N. E. Rep. 203], to overrule the contention and to hold that the demurrer to the petition was not well taken. That was a case in which the Supreme Court was called upon to construe the statute relative to fires occurring, either upon a railway company's right of way or lands adjacent thereto. The Supreme Court held that where averments were made in the petition of facts which under the statute would constitute a *prima facie* case of negligence, it was unnecessary directly to allege that the railway company was negligent.

There has been some question, and we have very carefully considered it, as to whether this principle so announced by the Supreme Court and made controlling in the Kreager case would apply to a case of derailment, or whether it would apply to any case where instead of facts being made *prima facie* evidence by any statute they are so simply by the course of adjudication and practice in the courts; where, in other words, the doctrine of *res ipsa loquitur* applies. One of the circuit courts has applied the doctrine to the derailment of a car; another case applies it to the colliding of a car with some obstruction, not another train or car, along the line of the road. Without reciting the language of any of these decisions, I will content

myself with simply referring to them so that they may be found in this opinion in case it should be reported. *Baltimore & O. Ry.* v. *Kreager, supra; Cincinnati St. Ry.* v. *Kelsey,* 6 Circ. Dec. 209 (9 R. 170), and *Cincinnati, H. & D. Ry.* v. *Brown,* 6 Circ. Dec. 225, 226 (9 R. 198), a case which was affirmed by the Supreme Court, without report, *Railway* v. *Brown,* 55 Ohio St. 665, are Ohio cases which bear closely upon the question. Cases outside of Ohio which will throw great light upon the question, and in which numerous authorities are collated, are the cases of *Spellman* v. *Transit Co.* 36 Neb. 890 [55 N. W. Rep. 270; 20 L. R. A. 316; 38 Am. St. Rep. 753], and *Barnowski* v. *Helson,* [50 N. W. Rep. 989; 89 Mich. 523; 15 L. R. A. 33], in which a note will be found on page 36, citing numerous authorities upon the general question as to what kinds of accidents occurring to railway trains or cars and bringing injury to a passenger will be deemed *prima facie* negligence without further evidence. Judge Cooley, in his work on Torts, second edition, top paging 795 or star paging 662, discusses the question, and in his usual clear and forceful manner gives reasons for the conclusions arrived at. Our view is that under the Ohio authorities, supported as they are by some authorities outside of our state, this petition was not demurrable, and that the court did not err in overruling the demurrer to it.

The petition, as I have said, alleged numerous injuries complained of by the plaintiff and made the basis of his petition for a verdict. On the trial the court allowed evidence of injuries, as we look at this evidence, of a character not described in the petition. We think that the petition, in other words, is not broad enough to cover all the elements of damage which were permitted by the court to be considered by the jury. As an illustration, the petition mentioned a certain scar upon the back of the neck of the plaintiff, alleging to be permanent, but with regard to which nothing was indicated in the petition other than that it might be a disfigurement. But upon the trial, out of the mouths of several witnesses, medical experts, evidence was given that this scar may be of a cancerous and malignant nature, and we conceive that it may have been deemed by the jury highly important in their estimate of the amount of damage sustained by the plaintiff. There was evidence of other

diseases or troubles, ailments, which were not mentioned in the petition, and the court permitted this, although the introduction of this class of evidence where there were no express averments in the petition, was strenuously objected to by counsel for the defendant. After the introduction of the evidence had closed and some instructions had been given by the court to the jury a request was made by the plaintiff through his counsel for leave to amend the petition so as to insert additional elements of damage, some of these matters to which objections had been interposed and in regard to which evidence had been introduced over such objection. The court permitted this amendment, but even then there was no amendment of the allegation with regard to the scar; and the evidence of its malignant nature and the possibility that it may be of serious injury to the man, as of a cancerous nature, was permitted to stand over the objection of the defendant. We think that the court erred; that it was an abuse of discretion to permit the amendment as to the other matters at that stage of the case, and to conform the pleading to facts shown against objection. It is true that our statute provides that in furtherance of justice a trial judge may allow an amendment to conform the plaintiff's pleadings to the facts proved, but it has been held by the courts that this will not be permitted, that it is not in furtherance of justice, where the evidence has been introduced to support claims not disclosed by the pleading and where the introduction is objected to by counsel and its admission is nowhere waived. As I stated to counsel during the argument, I had a case at one time, the case of *Roe* v. *Railway*, 13 Dec. 260, when I was a trial judge, in which I did permit such an amendment at the close of plaintiff's evidence and I was subsequently convinced by an examination of the authorities that I was in error in so doing. The evidence had gone in under objection, and for that reason I granted a new trial of the case. I have no reason since to depart from the conclusion at which I then arrived on the hearing of the motion for a new trial.

We think also that the trial court erred in the admission of certain questions of a hypothetical nature addressed to experts in which some facts were assumed that do not appear in the

Railway v. Hobart.  ;

bill of exceptions as evidence. We are in doubt whether the introduction of this evidence as to some of these questions operated particularly to the prejudice of the plaintiff, or at least so substantially so that we would be inclined to reverse the judgment upon that ground. There was one item in one of the hypothetical questions that to our minds was of a very serious character, and if the objection to the question had been based upon the incorporation in the question of that item we should have little doubt that the court erred, to the great prejudice of the plaintiff in error in permitting the question to be answered. The question recited certain facts including among them the facts of the accident, the derailment of the car, and the plaintiff's injury, and mentioned that others were hurt and killed at the time of the accident, when it does not appear that any others were killed, and we think that the jury may very well have had their feelings to some extent aroused, or their indignation, against the railway company, and have been led to render a verdict more readily against the defendant, or for a greater amount than they otherwise would have rendered. But the objection to that particular question was not that certain things were incorporated in the hypothetical question which ought not to be, but only that the hypothetical question ought to disclose something else, to wit, the manner in which the plaintiff had been treated by the physician, and the court having its attention directed to that particular complaint as to the form of the question, overruled the objection. Hypothetical questions sometimes are quite long, not so very long in this case, but still somewhat longer than ordinary questions, and a trial judge may very well be excused for not remembering at the close of the question every item of it when an objection is made as to some alleged particular defect, and we think that the court can hardly be said to have erred as to that particular question.

We think that the court did err in admitting an x-ray skiograph or radiograph marked PH, which was not sufficiently identified by the evidence as a skiograph of the spine of the plaintiff in this case. We think that the court erred also in permitting testimony of expert witnesses, as to statements made

Lucas County.

by the plaintiff of subjective conditions, pain and perhaps other symptoms, which would not be disclosed by visual observation, or any other objective test which the doctor might make. Indeed one of these physicians, in speaking of the opinion which he formed, said that it was based as to one point entirely upon the statement made to him by the plaintiff, and it appears that the plaintiff at the time when he was having the examination made was not under treatment by the physician who made it, but that he was having it made for the purpose of using the physician as a witness upon the trial of this case.

Now, the verdict here is a large one. We do not know that it is so large, as under all the circumstances of the case to justify a holding that it was influenced by passion or prejudice on the part of the jury. Evidence had been erroneously introduced or permitted by the court to be introduced to the jury, and being before the jury it was the duty of the jury to consider it. Considering it all, including all these ailments described by the plaintiff and his experts, and especially the one as to the cancerous character of the so-called scar on the back of the neck, the jury may have been justified in rendering the large verdict. But for the prejudicial errors which have been pointed out, the judgment of the court below will be reversed and the case remanded for a new trial.

Kinkade, J., concurs.