R. P. MILLER AND OLIVE MILLER, Appellants, v. L. R. ROSEBROOK, Appellee.

**Appeal:** ENTRY OF FINAL DECREE. Although a case is triable *de novo* on appeal, still it is optional with the Supreme Court to render judgment, or reverse the case for that purpose in the district court. And where the appellate court does not order the cause remanded and application for judgment is not made within the time during which jurisdiction is retained by it, it will be presumed that the party in whose favor the decision is rendered has elected to have final decree in the lower court, and the filing of a *procedendo* confers jurisdiction on the trial court for that purpose.

*Appeal from Mahaska District Court.*—HON. BYRON W. PRESTON, Judge.

THURSDAY, OCTOBER 21, 1909.

THE opinion in *R. P. Miller v. L. R. Rosebrook* was filed November 12, 1907. A petition for rehearing having

been denied, *procedendo* issued, and thereafter a motion for judgment was overruled. The plaintiff appeals.—*Reversed.*

*W. H. Keating* and *J. F. & W. R. Lacey,* for appellants.

*John O. Malcolm,* for appellee.

LADD, J.—As appears from the opinion in *Miller v. Rosebrook,* 136 Iowa, 158, the District Court had dismissed the petition, and upon appeal this court held that the judgment recovered by Gilchrist against defendant, and of which a transcript had been filed in the District Court, should have been treated as a judgment of the latter court, and that plaintiff, as assignee thereof, was entitled to a new judgment thereon. In other respects the decree was affirmed. Such judgment as the district court should have rendered might have been entered in this court, but this was not done, nor did the opinion expressly so direct, or that plaintiff might take judgment in either court at his option, nor did the opinion direct that the cause be remanded. Something more was necessary to be done, however, in order that plaintiff have the relief to which this court declared him entitled, and upon the issuance of the writ of *procedendo* to the District Court the case was before that tribunal precisely as though the portion of the cause as to which there was a reversal had been submitted to that tribunal and no judgment entered thereon. *Hogle v. Smith,* 136 Iowa, 32. True, the opinion did not in terms direct that the cause be remanded, and judgment might have been taken in this court. But application therefor was not made within the time prescribed in the rules of this court (rule 63), nor at the term of court at which the decision was rendered. *Roberts v. Corbin & Co.,* 26 Iowa, 315. For these reasons, this court declined to enter judgment when sought during the following term, and after the ruling of the District Court,

in which *procedendo* had been filed on plaintiff's motion for judgment, though without prejudice to the appeal from such ruling. As we understand the record, the District Court refused to enter judgment on the ground that, the cause being triable *de novo* in this court, such a decree as the District Court should have entered could only be entered here. But it is optional with this court whether it enter a decree in any case. The statute authorizes it to "reverse, modify or affirm the judgment, decree or order appealed from, or render such as the inferior court should have done." Section 4139, Code. It was optional with this court, then, whether it render judgment or reverse that of the trial court and leave the correction to be made by it. That this court has such authority appears from *White v. Farlie,* 67 Iowa, 628; *Hàit v. Ensign,* 61 Iowa, 724; *Fenton v. Way,* 40 Iowa, 196; *Haggerty v. Brower,* 105 Iowa, 295, and other decisions. In the absence of application for, or the entry of, such judgment in this court within the time during which jurisdiction is retained, it is to be presumed that the party in whose favor the decision has been rendered has elected to have the final decree entered in the tribunal from which the appeal has been taken, and the filing of a writ of *procedendo* confers ample authority to enter such a decree as should have been entered by it originally. *Pitkin v. Peet,* 96 Iowa, 748; *Hogle v. Smith,* 136 Iowa, 32.

The motion for judgment should have been sustained. —*Reversed.*