Lou. & Nash. R. R. Co. v. Ritter's Adm'r.

CASE 50—PETITION ORDINARY—MARCH 15.

# Lou. & Nash. R. R. Co. v. Ritter's Adm'r.

APPEAL FROM BARREN CIRCUIT COURT.

1. RAILWAY PASSENGER CARRIERS bind themselves to exercise the utmost degree of human care, diligence and skill in order to carry their passengers safely; and this obligation makes it the duty of the company to remove timber and bushes along the track on the land of the company so as to keep the engineer's view unobstructed.

2. PRESUMPTION OF NEGLIGENCE—BURDEN OF PROOF.—Where a passenger being carried on a train is injured by an accident occurring to the train, the legal presumption arises that the accident and consequent injury were caused by the negligence of the carrier, and in order to overcome this presumption the carrier must show that the injury arose from an accident which the utmost care, diligence and skill could not prevent, or that the injury would not have occurred but for the passenger's own negligence.

   In this case the burden was on the plaintiff to show the accident and his intestate's injury by it, and then the burden shifted to the defendant. Therefore, an instruction placing the burden on the plaintiff all the way through should not have been given.

3. CONTRIBUTORY NEGLIGENCE.—Where the death of a passenger is caused by the willful neglect of the carrier, and the action is for willful neglect, the defendant can not rely upon contributory negligence as a defense.

4. CONTRADICTION OF WITNESS.—J., a witness for defendant, was asked, on cross-examination, if he had not stated to M. that if a witness could be found to state certain things, "money would be no object" to the defendant, and the witness said he had not made the statement. L. was introduced by plaintiff and asked if J. had not made such a statement, and was allowed to state that he had. Held—That as J had not testified to the things referred to, his statement was not competent as impeaching evidence; but, if competent, should have been proved by M., J. not having been asked if he had made such a statement to L.; and the error was prejudicial, as the testimony tended to cast a cloud upon the whole case of the defendant.

5. THE BILL OF EXCEPTIONS shows the objection to the competency of the testimony offered, and that the objection was overruled; then follows the testimony, followed by the statement: "To all of which the defendant excepted." Held—That it sufficiently appears that the ruling of the court was excepted to at the time it was made.

LEWIS McQUOWN FOR APPELLANT.

1. The negative answer of the witness Mansfield to the question as to whether or not he had made a certain statement to Melvin Lowry having been brought out by appellee on cross-examination, appellee was bound thereby and had no right to contradict him. (Kennedy v. Commonwealth, 14 Bush, 340; 1 Greenleaf on Evidence, sec. 449.)

2. The testimony of Lawrence Lowry as to a statement made to him by Mansfield was incompetent, Mansfield not being an agent or attorney for appellant.

3. The court will not speculate as to the effect of incompetent evidence. It is enough to know that it *may* have prejudiced the party complaining. (Kennedy v. Commonwealth, 14 Bush, 340; Crittenden v. Comwealth, MS. Op.)

4. The court should have defined to the jury the meaning of compensatory damages. (Parker v. Jenkins, 3 Bush, 591; L., C. & L. R. R. Co. v. Case's Adm'r, 9 Bush, 736.)

5. It was error to instruct the jury that it was negligence in appellant to allow bushes to grow upon land over which it had control, if the view of its agents in charge of the train was obstructed thereby, without regard to whether that fact caused the accident.

The instruction is further objectionable, because it gives undue prominence to the fact mentioned therein. (Phillips' Ex'r v. Phillips' Adm'r, 5 Ky. Law Rep., 272.)

6. It was error to instruct the jury that the *highest* degree of skill and care must be exercised by the company. (Louisville City Railway v. Weams, 80 Ky., 422.)

7. It was error to accept from the jury evasive answers to the special interrogatories propounded to them. The appellant had a right to have an answer to the interrogatories propounded. (P. & E. R. R. Co. v. Letcher, 5 Ky. Law Rep., 157.)

W. LINDSAY ON SAME SIDE.

Where a party demands a special verdict, he is entitled to have full and fair answers to the several questions propounded. The answers returned in this case are manifestly evasive and incomplete, and the court had no right to receive them. (Civil Code, sections 327 and 328.)

W. P. D. BUSH AND F. F. BUSH FOR APPELLEE.

1. The court can not reverse for the alleged error in admitting testimony, for the reason that no exception was taken at the proper time. It appears from the record that the appellant did not except to the action of the court in overruling his objection to the proposed question until after the question had been answered, which was too late. (Civil

Code, sec. 334; Kennedy v. Cunningham, 2 Met., 540; Russell v. Mark's Heirs, 3 Met., 42.)

2. This court must presume that the decision of the lower court was correct, unless it appears *affirmatively* in the record that it was erroneous and to the prejudice of the appellant. (Harvey v. Payne, 2 Met., 452; Huffaker & Shy v. Nat. Bank of Monticello, 13 Bush, 647.)

3. The burden was on appellant to show that the accident was unavoidable. (L. & N. R. R. Co. v. Ritter's Adm'r, MS. Op., April 14, 1881, delivered on former appeal in this case.)

4. There was no evidence upon which the jury could base an answer to the questions to which they failed to respond, and, therefore, the court did not err in accepting the verdict.

5. A special verdict should be construed liberally, not technically. (Miller v. Shackleford, 4 Dana, 271.)

6. The instructions conformed to the opinion delivered on the former appeal; but if not, there can be no reversal for any error therein, as the special findings are sufficient to support the judgment. (Empire Coal and Mining Co. v. McIntosh, 6 Ky. Law Rep.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In May, 1876, the appellant's passenger train, while en route to Louisville, came in collision with a cow, which was on the railroad track. The collision threw one of the passenger coaches from the track. The appellee's intestate was in this coach as a passenger, having paid his fare from Glasgow to Louisville, and was injured by reason of the collision and throwing of the coach from the track.

The trial of appellee's action against the appellant for the injuries received by his intestate in the collision resulted in a verdict and judgment for fifteen hundred dollars in damages. Appellant has appealed from that judgment.

Railway passenger carriers, in legal contemplation, do not insure the absolute safety of their passengers, but they do bind themselves to exercise the utmost degree of human care, diligence and skill in order to carry their passengers safely.

It is meant by this rule : First, that the highest degree of practicable care and diligence should be exercised that is consistent with the mode of transportation adopted. Second, that competent skill should be possessed, which should be exercised in the highest degree. Tested by this rule, for the slightest neglect against which human prudence, diligence or skill can guard, and by which injuries occur to passengers, the carriers will be liable in damages.

This high degree of care, diligence and skill extends not only to the running of passenger trains with a view to the safety of passengers, but to providing against defects in the road, cars or machinery, or any other thing that can and ought to be done in order to carry passengers safely. Among these duties, is that of keeping the track clear of obstructions, and of removing timber and bushes along the track on the land of the company, so as to keep the engineer's view of the track in running the train unobstructed. A failure to do this, or any of the duties above mentioned, is negligence.

Where a passenger, being carried on a train, is injured by an accident occurring to the train, the legal presumption arises that the accident and consequent injury were caused by the negligence of the carriers. And the onus of disproving the presumption of negligence, by showing that the injury arose from an accident, which the utmost care, diligence and skill could not prevent, is on the carrier, or, in actions for ordinary neglect, that although negligent themselves, the injury to the passenger would not have occurred but for his own negligence. Of course, where death ensues

to a passenger by the willful neglect of the carriers, they are not allowed to rely upon the contributory negligence of the passenger as a defense.

The foregoing views are sustained by the following authorities and leading cases: Redfield on Railways, vol. 2, page 229; Story on Bailments, section 601; Jameson v. San José and Santa Clara R. R. Co., 55 Cal., 597; Pittsburg, C. & St. L. R. R. Co. v. Thompson, 56 Ill., 142; Pennsylvania Co. v. Roy, 102 U. S., 456; Railroad Co. v. Varnell, 98 U. S., 480; Railroad Co. v. Pollard, 22 Wall., 341; Meier v. The Pennsylvania Railroad Co., 64 Pa. St., 226; Ohio and Memphis Packet Co. v. McCool, 8 American and English Railroad Cases, 394; New Orleans, Jackson and Great Northern Railroad Co. v. Allbritton, 38 Miss., 274; Baltimore and Ohio R. R. Co. v. Worthington, 21 Md., 284.

The three instructions given by the lower court on behalf of the appellee accord with the foregoing views of the law, except in this: The burden of proof was on the appellee to establish the accident and his intestate's injury by it. This being done, then the burden of proof was shifted to the appellant to show that the accident and consequent injury was not the result of its negligence. These instructions, taken alone, mean this; but the fourth instruction, which was given at the instance of the appellant, puts the burden of proof on the appellee all the way through. This was error, and the instruction should not have been given.

On the trial of the case, the appellant introduced as a witness J. T. Mansfield, who testified that he saw Ritter soon after he was hurt attending to business,

riding to town and playing croquet. On cross-examination, the witness was asked: "Did you or not say to Melvin Lowery, since the death of Ritter, that money would be no object to the railroad company, if it could find some person to state that Ritter was fishing and wading in the creek in bad weather, before his death?" The answer was: "No, sir; I never said that to Mr. Lowery." Melvin Lowery was afterwards introduced by the appellee, but he made no reference whatever to Mansfield or to his evidence. Lawrence Lowery was introduced by appellee, and was asked "if he had ever heard Mansfield say, that if the railroad company or Porter, their attorney, could find a man who would say Ritter had dabbled in the water, or gone fishing, that money would be no object with them." The witness was permitted to answer, notwithstanding the objection of the appellant. The answer was, that he "had heard Mansfield make that statement." Then follows: "To all of which the defendant excepted."

Mansfield had not testified in reference to Ritter's having gone fishing or dabbling in the water. Therefore, his statement to Melvin Lowery could not be used as impeaching evidence, because it contradicted no fact that he had sworn to prejudicial to the appellee in reference to that matter.

Again: if his statement to Melvin Lowery was competent as impeaching evidence, it should have been proven by Melvin Lowery and not Lawrence Lowery, because he was not asked if he had made the statement to Lawrence Lowery.

The evidence was clearly incompetent, and highly prejudicial to the appellant, because it tended to con-

vict the appellant of a willingness, at least, if not of the fact, of resorting to foul means to procure evidence, and to throw a cloud upon the integrity · of the evidence that the appellant did introduce relative to Ritter's having gone fishing and exposing himself while fishing.

The bill of exceptions shows that the exception : "To all of which the defendant excepted," follows the testimony of Lawrence Lowery, instead of immediately following the overruling of the objection to the competency of Lawrence Lowery's evidence. The appellee did object to the competency of the evidence before it was delivered. The objection was overruled. And the expression : "To all of which the defendant excepted," follows the evidence, when, technically speaking, it should have immediately followed the ruling of the court. But we think that it sufficiently appears from the record, that the appellant did except to the ruling of the court at the time ; the bill of exceptions, in this particular, being simply awkwardly arranged.

For this error the case is reversed and remanded, with directions to grant appellant a new trial, and for further proceedings consistent with this opinion.