## NELLIE FAULKNER *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.     November 16, 1904. — January 6, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence, Res ipsa loquitur.     Railroad.*

The mere fact that an open window of a railroad car falls on the fingers of a passenger when the train starts is no evidence of negligence on the part of the operating company. If it appears that the bolt of the window worked by a spring and there is no evidence of a defect in the window or its catch, the inference is that the accident was caused by the negligence of the person who opened the window in not raising it far enough for the bolt to catch completely.

TORT, by a girl ten years of age, for injuries to two of her fingers on which a window of a car of the defendant fell as the train, in which the plaintiff was a passenger with her sister, started from a station in the city of Lawrence called North Lawrence on August 3, 1902. Writ in the Municipal Court of the City of Boston dated August 5, 1902.

On appeal to the Superior Court the case was tried before *Schofield*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*P. M. Keating*, for the plaintiff.

*A. R. Tisdale*, for the defendant.

LORING, J. We are of opinion that the judge was right in directing a verdict for the defendant.

Taking the plaintiff's evidence, all that appears is that the window fell when the train started with its "usual motion." There was no evidence of a defect in the catch or in the window. When put up, the window was kept up by a bolt which rested on a metallic rest on the window jamb; this bolt was attached to the sash and was drawn back by pressing a spring; when the spring was released, the bolt flew out to its full length on to the rest. The plaintiff has argued that the testimony of Greim, who raised the window to release the plaintiff's fingers, warranted a finding that the window sash was loose in the window jambs, so that it moved from side to side more than it should have; and that this warranted the further finding that

this was the reason why the window fell and caused the injuries here complained of.   But we do not think that Greim's testimony can bear that construction.   The answer to the question put by the defendant's counsel makes it plain (if it was not plain before) that the window jammed vertically, not horizontally, until the plaintiff's fingers were released.

The case which the plaintiff proved therefore was the falling of a window in good order on the train's starting with the usual motion.   The only inference is that when the window was put up and the bolt released to keep it up, the window was not raised high enough for the bolt to be shot clean over its rest; in other words, that the cause of the accident was negligence in raising the window when it was opened.

The testimony of Greim that his window was up as high as it would go and the window in question appeared to be equally high, does not cover this point.   If a window is up so that the bolt holds the window by being more or less in contact with the rest without lying on it fully, the difference in height would not be apparent between the lower part of the sash of that window and that of a window next it which was entirely up.

There was nothing in the evidence introduced by the defendant which helped the plaintiff.   There was no evidence in the case at bar that the window was raised by the defendant's employees and not by a passenger.   The case comes within *Kendall* v. *Boston*, 118 Mass. 234; *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572.

*Exceptions overruled.*