Argued 3 October, decided 23 October, 1906.

## GOSS *v.* NORTHERN PACIFIC RAILWAY CO.

87 Pac. 149.

Negligence—Res Ipsa Loquitur.*

1. The doctrine of res ipsa loquitur becomes applicable through the circumstances surrounding and accompanying the occurrence causing the injury complained of, rather than by the occurrence itself. Usually the description of the event includes circumstances from which negligence may fairly be inferred; yet there are cases (and this is one) where the occurrence does not justify any inference of negligence.

Negligence—Evidence Rebutting Presumption.

2. Where the evidence of negligence is entirely inferential and the testimony for the defendant is clear and undisputed to the effect that there was no negligence, the plaintiff's case is overcome as a matter of law and it becomes the duty of the judge to take the case from the jury.

For instance: In an action for injuries to a passenger caused by the sudden closing of a railway car door on his hand, any presumption of negligence arising from the accident is overcome by the uncontradicted evidence that the catch provided for the car door was in good repair, and that the train was not operated at a dangerous rate of speed, and hence a verdict was properly directed in favor of defendant.

From Multnomah: Arthur L. Frazer, Judge.

Statement by Mr. Chief Justice Bean.

---

*Note.—With this case read *Esberg Cigar Co.* v. *Portland,* 34 Or. 282, a negligence case involving the question *res ipsa loquitur,* but not cited in the briefs.

See, also, monographic notes: "Presumption of Negligence From the Happening of an Accident Causing Personal Injuries," 113 Am. St. Rep. 986-1031; "Applicability of the Rule *Res Ipsa Loquitur* in the Absence of Contractual Relations," 6 L. R. A. (N. S.) 800; and "Presumption of Negligence From Collision Resulting in Injury to Passenger," 4 A. & E. Ann. Cas. 11-13. Reporter.

This is an action by J. T. Goss against the Northern Pacific Railway Co. for negligence. On August 27, 1903, the plaintiff was a passenger on one of the defendant's trains from Kalama to Tacoma. Having occasion during the journey to go to the toilet, he found the room occupied, the door locked and the door from the car to the platform opened back against the toilet door. He started to step out on the platform to await an opportunity to enter the toilet, and while he was passing out put his hand on the door frame to steady himself, when the door suddenly closed, crushing his finger. At the close of the testimony the court directed a verdict for the defendant, and the plaintiff appeals.                                        AFFIRMED.

For appellant there was a brief over the name of *Spencer & Davis,* with an oral argument by *Mr. Schuyler Colfax Spencer.*

For respondent there was a brief over the name of *Carey & Mays,* with an oral argument by *Mr. Arthur Champlin Spencer.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

We are of the opinion that the court was right in directing the verdict. The negligence charged is that the catch for the car door was insufficient and out of repair, and that the train was being operated at a high and dangerous rate of speed, which caused the door to become disengaged from the catch by the lurching of the train. The proof does not, in our opinion, sustain either of these allegations. The plaintiff, who is a contractor and had frequently traveled on defendant's trains between Kalama and the Sound and was familiar with its cars and road, testified that at the time he tried the toilet door the car door was opened back and fastened to a hook or catch on the floor, which was of the kind ordinarily used in railway coaches; that the train was running quite fast, he thinks about 50 miles an hour, and was passing around a curve at the time of his injury, and that, in his opinion, the raising of one side of the car while going around the curve was the cause of the door becoming unfastened and shutting against his finger; that he made no examination of the catch to ascertain whether it

was out of repair, and does not claim that it was, or that the train was running at an unusual rate of speed, but says that it was running on schedule time and over a good roadbed. The conductor, brakeman, car inspectors and other witnesses for the defendant, who examined the door catch at the time of or immediately after the accident, all testify that it was in good repair, of the latest make and pattern, and such as is ordinarily used on first-class railway coaches. The conductor and engineer both testify that the train was not running at an unusual rate of speed, but was on schedule time, running about 22 miles an hour.

1. The case as thus made out by the testimony of the plaintiff and all the other witnesses, was simply the sudden closing of a car door, the fastenings of which were in good repair, on a train moving at the usual rate of speed, and without any proof that it was due to the negligence of the defendant or of any facts from which an inference of negligence could be drawn. The plaintiff claims, however, that proof of the occurrence of the accident and the extent of his injury made a *prima facie* case in his favor, and cast the burden upon the defendant to show that the accident was without its fault, and that whether such presumption was overcome by the proof was a question of fact for the jury, and not the court. Ordinarily the mere fact of an accident does not *per se* raise a presumption of negligence, but often negligence may be implied from the facts and circumstances disclosed, in the absence of evidence showing that the accident occurred without negligence: Shearman & Redfield, Negligence (4 ed.), § 59; 2 Thomas, Negligence (2 ed.) p. 1093; Jaggard, Torts, 938. Thus, where the evidence shows that the defendant had the exclusive management and control of the thing which caused the injury, or where it appears that the accident occurred through some defect in the vehicle, machinery, roadbed or appliances, the circumstances, if unexplained, may be sufficient to justify a jury in drawing the inference of negligence, under the rule of *res ipsa loquitur*. This doctrine has been frequently recognized and the principle applied by the courts in a variety of cases, such as

accidents from fallen electric light wires *(Boyd* v. *Portland Elec. Co.* 40 Or. 126, 66 Pac. 576, 57 L. R. A. 619; s. c. 41 Or. 336, 68 Pac. 810; *Chaperon* v. *Portland Elec. Co.* 41 Or. 39, 67 Pac. 928), or from the falling of a sleeping car berth *(Hughes* v. *Railway Co.* 39 Ohio St. 461), or from the derailment of a train upon which the plaintiff was riding *(Montgomery, etc. Ry. Co.* v. *Mallette,* 92 Ala. 209, 9 South. 363; *Southern Kan. Ry. Co.* v. *Walsh,* 45 Kan. 653, 26 Pac. 45; *Feital* v. *Middlesex Railroad Co.* 109 Mass. 398, 12 Am. Rep. 720; *Spellman* v. *Lincoln Rapid Transit Co.* 36 Neb. 890, 55 N. W. 270, 20 L. R. A. 316, 38 Am. St. Rep. 753), or by a train running into a landslide *(Gleeson* v. *Virginia Midl. Ry. Co.* 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458), or colliding with another train or an obstruction on the track *(Louisville & N. R. Co.* v. *Ritter's Adm'r,* 85 Ky. 368, 3 S. W. 591; *Smith* v. *St. Paul City Ry. Co.* 32 Minn. 1, 18 N. W. 827, 50 Am. Rep. 550), or by the upsetting of a stage coach, etc.: *Stokes* v. *Saltonstall,* 38 U. S. (13 Pet.) 181, (10 L. Ed. 115). See additional cases collated in 3 Am. Neg. Rep. 488. But in nearly if not quite every case that has come under our notice in which the rule has been applied, it appeared either that the thing causing the injury was under the exclusive control of the defendant, or that the injury resulted from the breaking of machinery, the derailment of cars, or something improper or unsafe in the appliances or the conduct of the business. In other words, that it was not the injury alone from which the negligence was presumed, but the manner and circumstances under which it occurred, which justified the application of the maxim. An unusually clear and learned discussion of the question will be found in the opinion of Mr. Justice Cullen, in *Griffen* v. *Manice,* 166 N. Y. 188 (59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630).

It is doubtful, therefore, whether the rule can be applied in the case at bar. The car door which caused the injury to the plaintiff was not under the exclusive control of the defendant, but was being constantly used by passengers boarding and alight-

ing from the train and in going from one car to another, and there is no evidence that it was or had been opened or fastened by the defendant's employees, and not by a passenger. Nor is there any testimony that the accident was due to a defect in the door or the fastening or the unusual movement of the train. There was therefore no proof of any fact or circumstance attending the accident from which an inference of negligence could be drawn. The case as made was similar to that of a passenger injured by the falling of a car window, in which case it has been held that mere proof of the injury raises no presumption of negligence against the defendant: *Faulkner* v. *Boston & M. R. Co.* 187 Mass. 254 (72 N. E. 976) ; *Strembel* v. *Brooklyn Heights R. Co.* 96 N. Y. Supp. 903.

2. But, whatever the rule may be, and assuming that the doctrine applies in a case of this character, the evidence as given on the trial was so clear and convincing that the accident was not due to the negligence charged in the complaint as to completely overcome any presumption which may have arisen from the mere happening of the accident. The evidence had no affirmative signification in establishing negligence on the part of the defendant, but the negligence complained of was left wholly and entirely to inference and presumption from the mere happening of the accident. This presumption, if it existed at all, was overcome by the plaintiff himself, as well as by the other witnesses in the case, and it was therefore not error for the court to direct a verdict in favor of the defendant: *Spaulding* v. *Chicago & N. W. Ry. Co.* 33 Wis. 582; *Menominee River, etc. Co.* v. *Milwaukee & N. Ry. Co.* 91 Wis. 447 (65 N. W. 176). "Where," as said by Mr. Justice Wolverton, in *Boyd* v. *Portland Elec. Co.* 41 Or. 336, 346 (68 Pac. 810), "the evidence of the plaintiff has affirmative significance in establishing negligence, and the negligence complained of is not left wholly to inference or presumption, the question becomes a matter for the jury, to be determined by the preponderance of evidence." But, where there is no proof of negligence, except the mere inference of presumption arising from an accident, and this is overcome by

positive, undisputed and unimpeachable testimony, there is no question of the preponderance of evidence, and nothing for the jury to decide.

Judgment affirmed.                                    AFFIRMED.