PATRICK CASEY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Bristol.   October 25, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Railroad.

At the trial of an action against a railroad corporation, operating a train by electricity, for personal injuries alleged to have been caused by the closing upon the plaintiff's fingers of a door between the smoking and baggage compartments of a combination car through which the plaintiff was passing in leaving the train after it had stopped at a station, it appeared that the door had a catch at the bottom designed to hold it open and an arrangement at the top designed automatically to close it when it was not held open, and there was evidence that some one other than an employee of the defendant opened the door, that when the plaintiff reached it it was open and "neither swinging nor moving," and that as he put his hand on the door jamb to steady himself in turning round, no one having touched the door to close it, it came to upon his fingers. There was no direct evidence that the catch was defective. The defendant's baggage master testified that it was his duty to open the door when the train stopped, and that he did not do it on this occasion because it already had been opened. A verdict was ordered for the defendant. *Held*, that the verdict was ordered rightly, because on the evidence it was conjectural whether the door swung to because of a defect in the catch or because it was not properly set on the catch by the person who opened it, and because there was no evidence that the baggage master was under any duty to see that the door was set back properly when it was opened by some one other than an employee of the defendant.

TORT for personal injuries alleged to have been caused by the closing upon the plaintiff's fingers of a door between the smoking and baggage compartments of a combination car of a train run by the defendant upon its electric railroad between Warren, Rhode Island, and Fall River, as the plaintiff was passing through the door on his way to leave the train after it had stopped at a station. Writ in the Second District Court of Bristol dated July 30, 1907.

On appeal to the Superior Court, the case was tried before

*Schofield*, J., who at the close of the evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The facts are stated in the opinion.

*E. F. Hanify*, for the plaintiff.

*T. J. Feeney*, (*F. S. Hall* with him,) for the defendant.

LORING, J.   In this case the plaintiff, while passing through the forward door of a combination car in alighting at his destination, put his hand on the jamb of the door to steady himself in turning round, when the door closed on his fingers.   It appeared that in the top of the door there was an arrangement which automatically closed the door and at the bottom a catch designed to hold it open.   The door was open when the plaintiff reached it and was neither swinging nor moving and the train was then at a standstill.   A companion of the plaintiff got off immediately before the plaintiff, and this companion, called by the plaintiff, testified that an unknown man and a newsboy got off ahead of him and that the door was opened by the newsboy.   The forward part of the combination car here in question was used as a baggage car.   The baggage master, called by the plaintiff, testified that he did not open the door in question; that there was no newsboy on the train, and that he was "most sure" that the door was opened by the plaintiff's companion; that the plaintiff's companion was the first to go out, then the plaintiff, and then an unknown man who said he "didn't pull the door on to his [the plaintiff's] fingers."   The plaintiff testified (as we understand the bill of exceptions) that "two or three people went out ahead of" him, and that he was the last passenger out of the car.   The only other person in the car was the motorman, and it was admitted that he remained in his box.   There was no evidence that the door was opened by an employee of the defendant and there was no direct evidence that the catch was defective.

On this evidence there was no more reason to suppose that the door swung to because of a defect in the catch than to suppose that it was not properly set on the catch when opened by one of the persons who got off before the plaintiff · and therefore no case of negligence on the part of the defendant was made out.   *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254.   *Hunt* v. *Boston Elevated Railway,* 201 Mass. 182.

The plaintiff has argued that he was entitled to go to the jury because the baggage master testified that it was his duty to open the car door when the train stopped and that he did not do it on this occasion because it had been opened before the train stopped. And further that if the door was opened by a passenger it was the defendant's duty to see that it was properly set back on the catch. We have examined the cases cited in support of these contentions and find nothing in them that helps the plaintiff. We are of opinion that the judge was right in directing a verdict for the defendant.

*Exceptions overruled.*