SARA S. MACGILL-ALLEN *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    November 9, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Railroad. *Evidence*, Competency, Materiality.

At the trial of an action against a railroad corporation for personal injuries received by a passenger when, as she was leaving a car on a train of the defendant at a station, the door of the car closed upon her hand, it appeared that in approaching the station the train ran on a straight track with a down grade of not more than three per cent, that the car was crowded and passengers were standing in the aisle near the door through which the plaintiff was to pass, and that as the plaintiff left the car she followed others. There was no evidence that there was a catch to hold the door in place when open nor of any defect in the door or its appliances, nor was there any evidence to show by whom the door was opened. *Held*, that there was no evidence warranting a finding of negligence of the defendant.

At the trial above described, a question, asked by the plaintiff in cross-examination of the conductor of the train, as to how many brakemen the law required a railroad to have on the platform of its trains, properly was excluded.

It also was proper to exclude at the same trial, where there was no evidence to show that the brakeman opened the door, a question asked the same conductor as to whether the brakeman "was . . . in the habit of fastening the door back, opening the door."

TORT for personal injuries received by the plaintiff when, as she was leaving a train of the defendant, her hand was crushed by the door closing upon it. Writ dated August 30, 1913.

In the Superior Court the case was tried before *Lawton*, J. The material evidence is described in the opinion.

The questions referred to in the last paragraph of the opinion were asked by the plaintiff in cross-examination of the conductor of the train upon which the accident happened, and were as follows:

"You have stated you are familiar with the law.  What is the law in regard to the brakeman on a five-car train?  How many brakemen does the law require a road, railroad, — New York, New Haven & Hartford, or any road within the Commonwealth of Massachusetts, — to have on the platforms of its trains?"

"Was he (the brakeman) in the habit of fastening the door back, opening the door?"

The judge excluded both of these questions.

At the close of the evidence the judge ordered a verdict for the defendant, and the plaintiff alleged exceptions.

*M. W. Cottle,* for the plaintiff.

*Joseph Wentworth,* for the defendant.

CARROLL, J.  The plaintiff was a passenger on one of the defendant's trains.  She boarded the train at Atlantic, and at South Boston where the train stopped, when about to alight, her left hand was caught in the jamb of the forward door of the car in which she was travelling.  At this station the track is straight, the grade as estimated by an engineer called by the plaintiff was about two and one half to three per cent down grade toward Boston.  The car upon which the plaintiff was travelling was crowded, people were standing in the aisle near the forward door through which the plaintiff passed.  She followed the passengers leaving the car and stepped on the platform for a moment to allow some people to precede her.  As she was going upon the platform of the car, she saw the brakeman approaching "through the aisle of the forward coach, and heard him shout, 'Look out for your hand;' that the warning came too late, for the door fell to, crushing the fingers of her hand."  There was evidence from one witness that "as each passenger went out, they held the door. . . . I saw three or four men go out ahead of her."  There was nothing to show that there was a catch to hold the door in place when open, and there was no evidence of any defect in the door or its appliances; although there was evidence tending to show that passengers held the door open as they left the car, nothing appeared to show by whom or at what time the door was opened.

We are unable to distinguish this case from *Casey* v. *New York, New Haven, & Hartford Railroad,* 207 Mass. 443, *Hunt* v. *Boston Elevated Railway,* 201 Mass. 182, *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254, where it was held that the falling of a window or the closing of a door, without evidence of a defect or some evidence of negligence of the company's servants, is not enough to warrant the submission of the case to the jury. The plaintiff contends that the case at bar differs from *Casey* v. *New York, New Haven, & Hartford Railroad, supra,* because in that case there was no evidence of a down grade when the train stopped, and further, that in the case at bar there was nothing to show that the door was opened by a passenger. In the Casey case there was some evidence that the door was opened by a companion of the plaintiff, but this fact does not distinguish the case from the one before us. The door may have been opened by a passenger or by someone else; but the difficulty with the plaintiff's case is that there was nothing to show by whom the door was opened. In *Hunt* v. *Boston Elevated Railway, supra,* the plaintiff was injured while a car was rounding a curve, by the door coming out of the socket and striking her hand. It did not appear in that case by whom the door was freed from the catch. In *Faulkner* v. *Boston & Maine Railroad, supra,* there was no evidence that the window was raised by the defendant's employees. A grade of two and one half to three per cent does not show negligence; nor did this fact require the presence of a brakeman at the door of each car where passengers were alighting, and his absence from the platform was not negligence. In *Kellogg* v. *Boston & Maine Railroad,* 210 Mass. 324, *Silva* v. *Boston & Maine Railroad,* 204 Mass. 63, the car door was opened by employees of the defendant and for this reason these cases are not applicable to the case at bar.

The questions put to the conductor as to the number of brakemen required by law on a five car train, and whether the brakeman "was . . . in the habit of fastening the door back, opening the door" were excluded properly.

*Exceptions overruled.*