## CHICAGO, R. I. & G. R. CO. v. JONES.

No. 8921.—Opinion Filed Feb. 3, 1920.

(Syllabus by the Court.)

### 1. Carriers—Injury to Passenger—Evidence of Negligence—Res Ipsa Loquitur.

Where a passenger upon a railway train sues to recover for personal injuries alleged to have been received on account of a defective chair, and by allegation specifically charges that the patent device or other appliances on said chair used for turning over the back of said chair were broken, out of fix, so worn that the back of the chair could not be turned over as it was intended that it should be, and offers no proof reasonably tending to support such allegations, in the absence of such proof it is held, that on the plaintiff's proving that she received injuries by being struck in her face by the back of the chair while the same was reversed by a traveling companion by continued efforts and with great force, the jury was not warranted in presuming that the plaintiff was injured through the negligence of the defendant; that the doctrine of res ipsa loquitur did not apply.

### 2. Same—Verdict—Supporting Evidence.

Record examined, and held, that the evidence does not reasonably tend to support the verdict of the jury; and that judgment is reversed, and the cause remanded for a new trial.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Jennie Jones against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff and defendant brings error. Reversed and remanded.

C. O. Blake, R. J. Roberts, W. H. Moore, and K. W. Shartel, for plaintiff in error.

Bridges & Vertrees, for defendant in error.

JOHNSON, J. This action was commenced by the defendant in error, hereinafter styled the plaintiff, against the plaintiff in error, hereinafter styled the defendant, to recover damages for an injury sustained by the plaintiff while a passenger upon one of the trains of the defendant. The record shows that the plaintiff, accompanied by two lady friends, was a passenger on defendant's train from Bowie, Texas, to Terral, Oklahoma; that the plaintiff had with her several parcels; that she occupied a chair car facing north, and her two companions occupied the two chairs immediately in front of her; that the chairs were so constructed that they could be turned at will so as to face either direction; that shortly after leaving Bowie, one of the plaintiff's companions turned the chair she was oc-

cupying so as to face the plaintiff and the rear of the train; that in so turning the chair she experienced but little difficulty. The back of the chair turned completely over in turning so as to face the opposite direction. When the plaintiff and her companions arrived at their destination, it became necessary for the seat which had been reversed to be turned back so as to enable the lady occupying the inside seat to get into the aisle. The plaintiff's companion found great difficulty in reversing the chair at this time. She testified that she was occupied in attempting to reverse the chair some four or five minutes. In the meantime the plaintiff was stooping down gathering her parcels from the floor of the coach. While she was so engaged, and her companion was continuing in her efforts to turn the chair, the chair turned over with considerable force, striking the plaintiff in the nose and inflicting the injuries complained of.

The allegations of negligence contained in petition of the plaintiff are as follows:

"That the patent device or other appliances on said chair facing this plaintiff used for turning over the back of said chair was broken, out of fix, so worn and in such condition that the back of said chair could not be turned over, as it was intended that it should be, and for which it was constructed, without great force and effort, by reason of said defects used in the construction of said chair or by reason of patent devices or appliances used in turning said chair being out of fix, so worn or broken, which is to this plaintiff unknown."

On behalf of the defendant, the conductor testified to examining the chair after the accident, and finding it in proper condition. The car inspector testified that the chairs were in perfect condition.

The jury returned a verdict for the plaintiff, and judgment was rendered thereon, to reverse which the defendant prosecutes this proceeding in error.

The defendant presents only one assignment of error—that the record contains no evidence of negligence on the part of the defendant.

The defendant's contentions under this proposition are: That the doctrine of res ipsa loquitur does not apply; (a) because, having alleged specific acts of negligence and having failed to prove them, she could not recover under the doctrine by invoking general negligence; and (b) because, under the facts as alleged, the doctrine of res ipsa loquitur is not applicable. The plaintiff's evidence did not tend to prove the specific

acts of negligence alleged in her petition—that the chair, the patent device, or appliances were broken, out of fix, or in a worn out condition; it showed that the accident was occasioned by the act of another than the defendant. The conductor testified to examining the chair after the accident and finding it in proper condition, and the car inspector testified that the chair was in perfect condition. This being the state of the evidence, under the allegations of the plaintiff's petition, she having failed to prove the specific acts of negligence alleged and introduced no evidence tending to prove the same, was the jury entitled to infer negligence upon the mere proof that an injury occurred? To allow a recovery under such circumstances would necessitate invoking what the law denominates the doctrine of res ipsa loquitur. In discussing this doctrine in 6 Thompson on Negligence, sec. 7635, the author says:

"Sometimes the duty which the defendant owes to the plaintiff is of such a nature that proof that the accident happened to the plaintiff under certain circumstances will be of such legal value as to afford evidence of negligence on the part of the defendant, and make out a prima facie case in favor of the plaintiff. This is the doctrine of res ipsa loquitur, and it is not applied unless the thing causing the accident is of a kind which does not ordinarily occur if due care has been exercised."

Counsel for the defendant has called our attention to numerous decisions of courts of last resort where this doctrine has been discussed and its application denied where the facts were similar to the facts in the instant case.

In the case of Benedict v. Potts (Md.) 40 Atl. 1067, 41 L. R. A. 478, was a case where a passenger in a car was injured while the car was passing through a tunnel for a distance of about 150 feet. The plaintiff fell and was injured, the car was not derailed, there was no defect in the car or tunnel, and no other passenger was injured, and no explanation given as to the cause of the accident. The trial court directed a verdict for the defendant. The court, affirming the judgment, said:

"All that is certain is that he was injured in some way, and he asks that the jury may be allowed, in absence of all explanatory evidence., to infer that some act of a negligent character, for which the appellee is responsible, caused the injury sustained by the appellant. No case has gone to that extent, and no known principle can be cited to sanction such a position. There have been no circumstances shown which furnish the foundation for an inference of negli-

gence, and the circumstances which have been shown obviously do not bring the case within the doctrine of res ipsa loquitur."

The case of Price v. St. L., I. M. & S. R. Co., 75 Ark. 479, 88 S. W. 575, 112 Am. St. 79, was a suit by the widow and children to recover damages for the death of the deceased, who had boarded one of defendant's trains in an intoxicated condition. During the course of the journey the conductor missed the passenger from the train and wired back that he had lost a passenger. Deceased was found dead on or beside the track. No one saw him leave the train and the manner of his death was a matter of speculation. There was a judgment for the defendant, and the plaintiff appealed. In affirming the judgment, the Supreme Court of Arkansas, held:

"The doctrine of res ipsa loquitur does not apply in cases where the accident or injury, unexplained by attendant circumstances, might as plausibly have resulted from negligence on the part of the passenger as the carrier. Nor is it applicable to the death of a passenger that comes by reason of circumstances and conditions that are personal and peculiar to him, and not by reason of any management of, or accident to, or condition in, the train itself, over which the carrier has exclusive control. The true rule would seem to be that when the injury and circumstances are unusual, and of such a nature that it could not well have happened without the company being negligent, or when it is caused by something connected with the equipment or operation of the road, over which the company has entire control, a presumption of negligence usually arises from proof of such facts in the absence of anything to the contrary, and the burden is then cast upon the company to show that its negligence did not cause the injury."

In the case of Goss v. Northern Pacific R. Co. (Ore.) 87 Pac. 149, the plaintiff, a passenger, started to step out on the platform to await an opportunity to enter the toilet, and while he was passing out put his hand on the door frame to steady himself, when the door suddenly closed, crushing his finger. The trial court directed a verdict for the defendant, and the Supreme Court, affirming the case, used the following language:

"It is doubtful, therefore, whether the rule can be applied in the case at bar. The car door which caused the injury to the plaintiff was not under the exclusive control of the defendant, but was being constantly used by passengers boarding and alighting from the train and in going from one car to another, and there is no evidence that it was or had been opened or fastened

by the defendant's employes and not by a passenger. Nor is there any testimony that the accident was due to a defect in the door or the fastening or the unusual movement of the train. There is, therefore, no proof of any fact or circumstances attending the accident from which an inference of negligence could be drawn. The case as made was similar to that of a passenger injured by the falling of a car window, in which case it has been held that mere proof of the injury raises no presumption of negligence against the defendant. Faulkner v. Boston & Maine R. Co., 187 Mass. 254, 72 N. E. 976; Strembel v. Brooklyn Heights R. Co., 96 N. Y. Supp. 903."

The following cases hold to the same effect: Hayman v. Penn. R. Co. (Pa.) 11 Atl. 815; Ellinger v. Phila. W. & B. R. Co. (Pa.) 25 Atl. 1132; Graeff v. Phila. & R. R. Co. (Pa.) 28 Atl. 1107; L'Mommendieu v. Delaware, L. & W. R. Co. (Pa.) 101 Atl. 933; Dumas v. M., K. & T. R. Co., (Tex.) 43 S. W. 908; Penn. R. R. Co. v. McKinney (Pa.) 17 Atl. 14; Thomas v. Phila., etc., R. Co. (Pa.) 23 Atl. 989; Spencer v. Chicago, M. & St. P. R. Co., 105 Wis. 311, 81 N. W. 407; Faulkner v. Boston & M. R. Co., 187 Mass. 254, 72 N. E. 976; Strembel v. Brooklyn Heights R. Co., 96 N. Y. Supp. 903; Stimson v. Milwaukee, etc., R. Co., 75 Wis. 381, 44 N. W. 748.

Counsel for plaintiff cite but two cases in their brief, one being the case of Morgan v. Chesapeake & Ohio R. Co. (Ky.) 105 S. W. 961, which was a derailment case, wherein the injury was caused by a defective axle which broke and wrecked the car in which the plaintiff was a passenger. The other case cited is Meier v. Penn. R. Co., 64 Pa. 225, 3 Am. Rep. 581, which was a broken axle case, in which there was a verdict for the defendant, which was affirmed on appeal. The syllabus reads as follows.

"When a railway car is perfect in appearance, but imperfect from some latent defect, which the utmost skill and care could neither perceive nor provide against, the railway company is not responsible for injuries to a passenger arising from the breaking of an axle of the car while running at a proper speed upon a well-constructed road."

The latter case supports the contention of the defendant in the instant case, and is in line with the authorities cited by it, supra, and the facts of the former case are clearly distinguishable from those in the instant case. No case has been cited and we have found none that announces a different rule than that announced by the authorities cited by the defendant, supra.

There being no evidence reasonably tending to sustain the plaintiff's allegations of negligence and the verdict of the jury, the judgment of the trial court is reversed, and the cause remanded for a new trial.

OWEN, C. J., and KANE, RAINEY, McNEILL, and PITCHFORD, JJ., concur.