### JOHN CARANICOS *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Bristol. October 26, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Railroad, Res ipsa loquitur. *Evidence*, Presumptions and burden of proof.

At the trial of an action of tort against a railroad corporation by a passenger on one of its cars for personal injuries sustained when the plaintiff's hand was caught by the closing of a door of the car, there was evidence that the plaintiff was following other passengers out of the car which had stopped at a station when, as he reached the door, there was a "big jog," something more than an ordinary jolt, and a jerk backwards which "shook him all over; that he lost his balance and tried to help himself and his fingers were between the frame of the door; that he reached out to the door to hold himself, not to fall down; . . . that the door closed at the time of the jerk and caught part of his hand in the door." There was no evidence that the jerk was caused by a defect in the car or track or that the door was opened by a servant or employee of the defendant and not by a passenger. A verdict for the defendant was ordered. *Held*, that

(1) A finding was not warranted that the jerk of the car was so extraordinary and unusual that it could reasonably have been found that such jerk was due to negligence in the operation of the train;

(2) The mere closing of the door was not evidence that its fastening was defective, nor, in the circumstances, did it warrant a finding that the defendant was negligent;

(3) The verdict properly was ordered.

TORT for personal injuries. Writ dated June 8, 1928.

In the Superior Court, the action was tried before *Pinanski*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*R. P. Coughlin & L. H. Coughlin,* for the plaintiff.

*E. J. Phillips,* for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff, who was a passenger on the train of the defendant. Upon a consideration of the evidence in the light most favorable to the plaintiff, it appeared that when the train reached Taunton and came to a stop the plaintiff saw other passengers going out of the car ahead of him whom he followed; that as he reached the door there was a "big jog," which may be regarded as something more than an ordinary jolt, and a jerk which "shook him all over; that he lost his balance and tried to help himself and his fingers were between the frame of the door; that he reached out to the door to hold himself, not to fall down; that the jerk was a backward jerk; that the door closed at the time of the jerk and caught part of his hand in the door." Although the jolt of the car was described as an unusual one, there is no evidence to show that it was due to any defect in the car or track or to any carelessness in the running of the train.

It is a matter of common knowledge "that in the performance of the duty resting upon steam railroads . . . there may be jolts and lurches in the management of trains." *Foley* v. *Boston & Maine Railroad,* 193 Mass. 332, 334–335. It is also a matter of common knowledge that trains cannot be run without some jerks and jolts, especially in stopping. *Weinschenk* v. *New York, New Haven & Hartford Railroad,* 190 Mass. 250, 251. The evidence in the case at bar would not warrant a finding that the jerk of the car which caused the plaintiff to lose his balance and place his hand upon the door frame was so extraordinary and unusual that it could reasonably have been found that such jerk was due to negligence in the operation of the train. *Foley* v. *Boston & Maine Railroad,* 193 Mass. 332. *Hunt* v. *Boston Elevated Railway,* 201 Mass. 182. *Viglas* v. *Boston, Revere Beach & Lynn Railroad,* 270 Mass. 264. It was held in *Gollis* v. *Eastern Massachusetts Street Railway,* 254 Mass. 157, 158, that under ordinary circumstances it is not an act of negligence merely to start a car when a passenger

is in the act of leaving it, if at the time he is within the body of the car. See in this connection *Desautels* v. *Massachusetts Northeastern Street Railway,* 276 Mass. 381, and cases cited.

If it could be found that the proximate cause of the accident was the closing of the door, there is no evidence to show that it was opened by a servant or employee of the defendant, and not by a passenger. Nor is its mere closing evidence that the fastening was defective. In these circumstances a finding was not warranted that because the door closed upon the plaintiff's hand the defendant was negligent. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. *Weinschenk* v. *New York, New Haven & Hartford Railroad,* 190 Mass. 250, 252. *Hunt* v. *Boston Elevated Railway,* 201 Mass. 182. *Shaughnessy* v. *Boston & Maine Railroad,* 222 Mass. 334, 336. *MacGill-Allen* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 162, 164.

As the jolt of the car or the closing of the door, or both in combination, did not warrant a finding of negligence on the part of the servants or agents of the defendant, a verdict was rightly directed in its favor. *Convery* v. *Eastern Massachusetts Street Railway,* 252 Mass. 418, and other cases cited by the plaintiff are plainly distinguishable in their facts from the case at bar.

*Exceptions overruled.*