## E. S. BILLINGTON LUMBER CO. et al. v. CHEATHAM.

No. 27494.   Oct. 19, 1937.

Rehearing Denied Nov. 27, 1937.

Second Petition for Rehearing Denied Dec. 14, 1937.

Ames, Cochran, Monnet, Hayes & Ames, for plaintiff in error E. S. Billington Lumber Company.

Everest, McKenzie & Gibbens, for plaintiffs in error Kimbrough and Jones.

Gomer Smith and J. M. Siler (Major J. Parmenter, of counsel), for defendant in error.

GIBSON, J. The appeal is from a personal injury judgment rendered by the district court of Oklahoma county in favor of defendant in error against plaintiffs in error, E. S. Billington Lumber Company, a corporation, and J. R. Kimbrough and R. E. Jones, who were engaged in business as Kimbrough & Jones Drug Company. Cheatham is referred to herein as plaintiff,. E. S. Billington Lumber Company as the lumber company, and Kimbrough and Jones as the drug company.

The admitted facts are: The drug company owned and operated a retail store in Oklahoma City. It engaged the services of the lumber company to remodel the entrance of said store. In furtherance of the work to be performed under its contract the lumber company erected a scaffold on the sidewalk and against the building at the entrance thereof. The plaintiff, when about to enter the store to make a purchase, was injured by reason of the sudden collapse of the scaffold. The injury occurred in the early evening after dark, and no one was working on the scaffold at the time. The lumber company was an independent contractor, and the relationship of principal and agent, though alleged in the petition, did not, under subsequent admissions, exist between the drug company and the lumber company.

The petition contains a general allegation of careless and negligent construction of the scaffolding above the entrance of the place of business. Then follow independent allegations of specific acts of negligence: First, failure to properly secure or fasten the scaffolding to the building; second, failure to properly place or support the same; third, failure of defendants to give or post signals of warning of danger to invitees to their place of business; fourth, that defendants had breached their duty to plaintiff as an invitee by negligently keeping their place of business open while the remodeling was in progress when they knew or should have known that the scaffolding was not properly secured, placed and supported.

The assignments question the sufficiency of the evidence to support the verdict and judgment as to all the defendants.

Reviewing the assignments first from the standpoint of the alleged liability of the lumber company, we find no contention on the part of plaintiff that the evidence supported a finding of specific acts or omissions constituting negligence on the part of that defendant. To hold the lumber company, plaintiff now relies entirely upon the doctrine of res ipsa loquitur; that the facts and circumstances revealed by the evidence were sufficient to warrant the inference or presumption of negligence in the construction and maintenance of the scaffold.

The lumber company asserts that the plaintiff could not recover under his general allegations of negligence, but was confined to the averments of specific acts of negligence, and that since the proof wholly failed to establish the latter, the plaintiff could not recover. C., R. I. & P. Ry. Co. v. McIntire, 29 Okla. 797, 119 P. 1008; Gypsy Oil Co. v. Ginn, 88 Okla. 99, 212 P. 314; St. L. & S. F. Ry. Co. v. Simmons, 120 Okla. 75, 250 P. 510; Mathers v. Younger, 177 Okla. 294, 58 P. (2d) 857.

The rule relied on by the lumber company is expressed in the last-cited case as follows:

"In an action for damages for personal injuries where the petition contains general allegations followed by averment of specific acts of negligence as directly contributing to the cause of the injury, the plaintiff is confined to the acts of negligence specifically alleged."

An examination of that case and the other cases above cited reveals that the allegations and the proof therein were insufficient to warrant an inference or presumption of negligence. The plaintiff in each case relied upon specific acts of negligence, not upon circumstances which by their very nature indicated negligence or from which negligence could reasonably be inferred without indulging in surmise and

conjecture. The holding in the Mathers Case as quoted above is correct as a general rule, but is without application where there are general allegations of negligence and the proof shows that the injury resulted from an instrumentality under the control and management of defendant, and specific acts of negligence, though alleged, are unknown to plaintiff and not proved.

Under such circumstances the plaintiff's case does not fail merely by reason of his inability to prove specific acts of negligence, but if the accident was such that in the ordinary course of things would not have happened if the defendant had used proper care, an inference of negligence arises which may be explained or rebutted by proper evidence (45 C. J. 1193). Given the instrumentality and the resultant injury, it is then within the province of the jury to draw the inference and to determine the issue arising under the evidence of explanation or rebuttal. Such is the doctrine of res ipsa loquitur.

The lumber company contends that the plaintiff cannot invoke the doctrine of res ipsa loquitur in the instant case for the reason that he alleged and relied upon specific acts of negligence, and this notwithstanding the general allegations of negligence. As authority the lumber company relies upon Chicago, R. I. & G. Ry. Co. v. Jones, 77 Okla. 140, 187 P. 233; Bewley v. Western Creameries, Inc., 177 Okla. 132, 57 P. (2d) 859, and certain decisions from California, Kansas, Missouri, and the Supreme Court of the United States.

This contention is supported by the rule obtaining in Kansas and Missouri, but this court has heretofore refused to make so broad an application of the rule as there announced. See Guilford v. Foster & Davis, Inc., 131 Okla. 148, 268 P. 299. The rule to which we are committed is expressed in that case as follows:

"Where, in an action founded on negligence, a part of the plaintiff's case is such that the rule of res ipsa loquitur is applicable thereto, the rule will be applied to that part, though other parts of plaintiff's case may be capable of proof by direct evidence of specific acts of negligence alleged."

The correct principle, as we gather from our decisions, is that where the evidence raises no issue as to the specific allegations of negligence, the plaintiff may resort to his general allegations, if any, and invoke the doctrine of res ipsa loquitur where the facts and circumstances as to the instrumentality and resultant injury as above set out are present. However, if the evidence raises an issue on the specific acts alleged, the reason for the application of the doctrine is thereby removed from the case. Bewley v. Western Creameries, Inc., supra. There the court specifically held that the doctrine in question does not apply where there is evidence to establish the cause of the accident, or, in other words, where there is evidence to establish the specific acts alleged. The rule there expressed in no way infringes the pronouncement in the Guilford Case, above.

The California and United States Court cases cited are not in conflict with our views here expressed. They are authority for the proposition that the doctrine of res ipsa loquitur cannot apply where there is direct evidence of the cause of the injury, or where the same facts which give rise to an inference of negligence on the part of defendant give equal support to an inference that the injury resulted from an event not attributable to defendant.

In the case of C., R. I. & G. Ry. v. Jones, supra, the plaintiff relied upon specific acts of negligence which she failed to prove, but the acts of a third party intervened to cause the injury, and the latter fact was established by the plaintiff's own evidence. There were no general allegations. Res ipsa loquitur could therefore not apply.

There being no evidence here relating to the alleged specific acts of negligence, and the circumstances from which the injury arose being such as to permit of an inference of negligence under general allegations, the doctrine of res ipsa loquitur was properly invoked as against the lumber company.

The lumber company offered evidence tending to explain away any inference of negligence that may have arisen. The accident occurred on the evening of Hallowe'en, and the evidence was that a few minutes prior to the accident a number of small boys had removed certain braces from the scaffold, thus weakening it and causing its collapse. The jury's function was to weigh this rebuttal evidence as against the inference of negligence, and say whether or not the removal of braces by small boys was sufficient to overcome the inference of

negligence in the construction of the scaffold. See 45 C. J. 1223, 1224, text and notes 57-64; Klein v. Price, 179 Okla. 272, 65 P. (2d) 198.

By returning a verdict against the drug company, the jury, as will hereafter be shown, was compelled to find that the braces had been removed from the scaffold by third parties. Ordinarily this circumstance would absolve the lumber company from responsibility under the rule of res ipsa loquitur, but the evidence justified a finding that the removal of braces by small boys was insufficient to overcome the inference of negligent construction, especially negligent construction of the braces themselves, for braces so necessary to the safety of the structure and so easily removed would sufficiently indicate negligent construction in the first instance, and it was for the jury to say whether their removal under such circumstances would destroy the inference or presumption. See 45 C. J. 1223, 1224, text and notes 57-64.

We find no error in the record so far as the lumber company is concerned.

Plaintiff seeks to hold the drug company by reason of its alleged failure to perform its duty toward the plaintiff as an invitee in that it failed to warn him of the dangerous condition of the scaffolding when the dangerous condition was known, or, by the exercise of reasonable care, should have been known by the drug company.

That the relationship of invitor and invitee existed between the parties is undisputed. The general rule applicable in such cases is well expressed in 45 C. J. 875, sec. 303, as follows:

"If the owner of land knows that its condition is unsafe he should give timely warning to persons rightfully there. More specifically, an owner or occupant of lands or buildings who knows, or in the exercise of reasonable care should know, of their dangerous and unsafe condition and who invites others to enter upon the property, owes to such invitees a duty to warn them of the danger, where the peril is hidden, latent, or concealed or the invitees are without knowledge thereof."

See, also, City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462.

The invitee is also charged with certain responsibilities such as the assumption of ordinary risks and the duty to exercise reasonable care in observing apparent dangers. The risks assumed and the duties placed upon the invitee are stated in 45 C. J. 837, as follows:

"The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care."

And it has been held that an invitation to use property under repair extends to the property in its present condition, and an invitee using the property assumes the risk of such condition. 45 C. J. 837. But this latter rule could not apply where the injury results from hidden dangers known to the invitor and not known to the invitee.

Here the plaintiff, being aware of the scaffold, would ordinarily assume any risk attendant upon his walking under it so far as the drug company was concerned. There is evidence, however, showing that there were latent defects in the scaffolding caused by the recent removal of braces therefrom by third parties; that such defects were known to the drug company prior to the accident. There is no evidence that plaintiff knew of that fact. The evidence that he was warned by the drug company is conflicting.

Whether by the exercise of reasonable care he should have observed the unusual danger, and whether he was warned, were questions for the jury.

We are unable to agree with the contention that the drug company was not responsible for the defects in the scaffold merely because the structure was the work of an independent contractor. Great American Indemnity Co. v. Deatherage, 175 Okla. 28, 52 P. (2d) 827. The scaffold was a part of the premises within the law relating to the duties of invitor and invitee.

The wrongful act of the drug company consisted of its failure to warn the plaintiff of the hidden danger, the weakened condition of the scaffold, a condition known

by it to exist and unknown to the plaintiff. That omission was the violation of a legal duty which was the proximate cause of the injury. There was competent evidence of these facts. The court, therefore, did not err in overruling the demurrer of the drug company to ·the evidence and in overruling its motion for directed verdict.

The drug company next complains of the action of the court in refusing certain evidence offered for the purpose of showing its good faith in keeping its place of business open while the remodeling was in progress.

Although the drug company pleaded good faith, that matter never became an issue under the evidence. Plaintiff did not question its good faith, neither was there a presumption of bad faith to overcome. The evidence offered was not material.

Exception is taken to the action of the court in refusing certain of the drug company's requested instructions as to the law governing the rights and duties of the occupant of premises and his invitee in such cases. It is said that the instructions as given on this point were incomplete and did not fully charge as to the duties and responsibilities of the parties. Instruction No. 10 is questioned. It reads as follows:

"You are further instructed that under the evidence in this case, the plaintiff bore towards the Kimbrough & Jones Drug Company the relationship of an invitee. The court further instructs you that the owner or occupant in charge of property owes a duty to an invitee to exercise reasonable and ordinary care for his safety and such owner or occupant is liable for injuries resulting to another from a breach of this legal duty, and in this connection, you are instructed that it was the duty of the Kimbrough & Jones Drug Company to use reasonable and ordinary care to keep the passageway into the store, through which persons were accustomed to pass, in a reasonably safe condition so as not unnecessarily to expose the plaintiff to danger or accident. If you find from the evidence and a preponderance thereof that Kimbrough & Jones failed to use reasonable and ordinary care to keep the said passageway in a reasonably safe condition, and that their failure so to do was the proximate cause of the fall of the scaffold, then, you should return a verdict in favor of the plaintiff and against said defendants."

The requested instructions were to the effect that the invitee assumes all the normal and ordinary risks attendant upon the premises; that the occupant is under no duty toward the invitee concerning known and obvious dangers, or dangers of which the invitee should have known by the exercise of ordinary care, and, further, the plaintiff could not recover if by his own acts he caused the scaffold to fall.

The requested instructions were properly refused. There was no evidence upon which to base them. The risk assumed was not a normal or ordinary one typical of the premises involved. There was no evidence that the danger was obvious, but that it was hidden; there is no evidence from which the jury could find that the plaintiff could have discovered the hidden danger, the want of proper braces, by the exercise of ordinary care.

The court further instructed to the effect that plaintiff was duty bound when passing under the scaffold to use ordinary care for his own safety, and that his failure so to do would constitute contributory negligence, which if proximately contributing to the cause of the collapse of the scaffold would defeat his recovery in the action. This instruction and instruction No. 10, in view of the evidence, correctly stated the law relative to the rights and duties of the parties toward each other as invitor and invitee.

The drug company says that the court in its instruction on the doctrine of res ipsa loquitur erroneously made the rule apply to it as well as to the lumber company when the lumber company alone was subject to the rule. No objection is made to the statement of the law, but it contends that by reason of certain wording appearing in the instruction the burden of overcoming the inference of negligence was placed upon both defendants.

It is true that the doctrine of res ipsa loquitur was applicable only to the lumber company, but the objection here taken cannot be sustained. The basis of the objection is that the instruction charged that the inference of negligence may be overcome by proof on the part of "the defendants" instead of naming only the lumber company, thus leading the jury to believe that the burden was also cast upon the drug company. An examination of the instruction shows that it was clearly made to apply only to the lumber company. Although the

word "defendants" is used, it unmistakably refers to the defendant lumber company only. The instruction as 'a whole leaves no doubt as to the meaning.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur. WELCH and DAVISON, JJ., absent.