ELIZABETH M. MURPHY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     November 8, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.*

Where a woman enters an electric car at an elevated terminal station, after the car has discharged a load of passengers and has passed round a loop before taking others, and finding all the windows of the car open seats herself, with no other person near her, at one of the windows with her arm resting on the window sill and, when the car has proceeded about two miles, the window falls on her elbow and injures her severely, in an action against the corporation operating the car for her injuries thus sustained, these facts afford no evidence of negligence on the part of the defendant.

The unexplained fall of a window of a passenger car which is operated on a street and elevated railway is in itself no evidence that the window was unsafe or defective or that the servants of the corporation operating the car were negligent. Following *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254.

TORT for personal injuries sustained by the plaintiff on July 14, 1914, while she was a passenger on a car of the defendant by reason of the sash of a window coming down upon her elbow when the car was passing along Boston Avenue near Tufts College in Medford and she was sitting with her arm leaning on the window sill.  Writ dated July 27, 1914.

In the Superior Court the plaintiff by order of the court filed specifications, of which the essential part is quoted in the opinion. The case was tried before *Hardy,* J.  The testimony of the plaintiff is described in the opinion.  It is stated in the bill of exceptions that "There was no evidence as to why the window sash fell." The defendant's conductor in charge of the car at the time of the

accident testified that he examined the window after the accident and found the window catches in good condition. The defendant introduced evidence that the car was inspected the day after the accident and that all the window catches were in good order. At the close of all the evidence the judge at the request of the defendant ruled that upon all the evidence the plaintiff was not entitled to recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*A. L. Millan,* for the plaintiff.

*W. U. Friend,* for the defendant.

CROSBY, J. The plaintiff seeks to recover for personal injuries received, while a passenger on a car of the defendant, by reason of a window falling upon her elbow. By order of the Superior Court specifications were filed by the plaintiff alleging that the negligence of the defendant, on which she relied, consisted "in the omission on the part of the defendant to provide a safe and proper window in the car, and as a result of such omission, the window fell down on the arm of the plaintiff and severely injured her."

The plaintiff boarded the car at Sullivan Square in Boston, which is known as a terminal point where all incoming passengers get off; "the car then goes round the loop and an entirely new set of passengers get on." All the windows in the car in question were open when the plaintiff boarded it at about a quarter to nine o'clock on the morning of July 14, 1914. She testified that she was the only person in the car near the window during the trip until she was injured, — about two miles distant from Sullivan Square.

There was no evidence as to what caused the window to fall, nor was there evidence to show that it was in an unsafe or defective condition. From these undisputed facts, it would seem that the plaintiff had failed to sustain the allegation that the defendant had not provided a "safe and proper window in the car." The unexplained fall of the window in itself was not evidence that it was unsafe or defective, or that the servants or agents of the defendant were negligent. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. *Weinschenk* v. *New York, New Haven, & Hartford Railroad,* 190 Mass. 250. *Hunt* v. *Boston Elevated Railway,* 201 Mass. 182.

If, under the specification of negligence, it is open to the plaintiff to prove that her injuries were due to the negligence of a servant of the defendant in raising the window without properly fastening it in place, still it is manifest that there is no evidence of such negligence. The contention of the plaintiff that there was evidence to indicate that the window was raised and improperly fastened in place by a servant of the defendant, and not by some person for whose act the defendant would not be responsible, cannot be sustained. The evidence that Sullivan Square is a terminal or junction point where one set of passengers alights and another almost immediately boards the cars, does not show that, in the short interval while the cars are passing round the loop, they are in the exclusive custody and control of the defendant so that the condition of the windows could be found to be due to the defendant's employees. While all the windows were open when the plaintiff boarded the car, there is nothing to show that they, or any of them, were raised by any employee of the defendant when the car passed round the loop; nor is there any evidence to show that the window in question had not been raised by a passenger, as it is apparent that the car had been in use on that morning previously to its arrival at Sullivan Square.

The case is governed in principle by *Faulkner* v. *Boston & Maine Railroad, supra,* and cannot be distinguished from it. See also *Weinschenk* v. *New York, New Haven, & Hartford Railroad, supra; Hunt* v. *Boston Elevated Railway, supra.* The cases cited and relied on by the plaintiff are clearly distinguishable from the case at bar.

*Exceptions overruled.*