ROCCO LUCA *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Suffolk. May 16, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Street railway, Res ipsa loquitur. *Evidence*, Presumptions and burden of proof.

An action of tort for personal injuries could not be maintained against a street railway company by a passenger on one of its cars, merely on evidence that the plaintiff boarded the car at a "terminal" where cars remained only a few minutes before starting out on another trip and where there was no car barn and no storage, inspection or repair of cars; that he sat in a seat where the window, like most of the others in the car, was open; and that, after the car had gone about a fifth of a mile, the window dropped upon and injured his hand: the unexplained falling of the window was not evidence of negligence on the defendant's part.

TORT. Writ dated July 19, 1927.

Material evidence at the trial in the Superior Court before *Brown*, J., is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. M. Graham*, for the plaintiff, submitted a brief.
*A. F. Bickford*, for the defendant.

RUGG, C.J. This is an action of tort, by a passenger upon an electric car of the defendant, to recover compensation for injuries sustained by reason of a window falling upon his hand. A summary of the material facts is that

the plaintiff boarded the car at Orient Heights to go to Revere Street; that he had to change cars at Revere Beach; that after the change he sat in about the middle of the car, no one being in the seat beside him and there being five to seven other people then in the car; that after the lapse of three or four minutes the car started and after going about a fifth of a mile the window, which like all or most of the others in the car was open, dropped upon and injured his hand. The place at Revere Beach where the plaintiff changed cars was called a terminal; it was not a building but was wide open; some of the cars ran around a loop and out on the return journey and on others the operator changed the signs, trolley and control, turned the seats and then started the car on the return trip. The cars start out on a regular schedule and in any event leave within a few minutes after arriving at this so called terminal; there is no car barn and no storage of cars and no employees engaged in the inspection or repair of cars.

A verdict was rightly directed for the defendant on these facts. The unexplained falling of the window was no evidence of negligence. *Murphy* v. *Boston Elevated Railway,* 229 Mass. 38, and cases there collected.

*Judgment on the verdict.*