Mary J. Egan *vs.* Metropolitan Transit Authority.

Suffolk. October 9, 1957. — December 11, 1957.

Present: Wilkins, C.J., Williams, Counihan, Whittemore, & Cutter, JJ.

*Motor Vehicle*, Safety glass. *Negligence*, Violation of law. *Words*, "Safety glass."

Evidence merely that a window of a motor bus was of "double thick glass," and that simultaneously with a thud on the window it shattered and a fine shower of glass came from it and a piece of the glass struck and injured a passenger seated in the bus near the window did not warrant a finding of negligence of the proprietor of the bus toward the passenger through violation of G. L. (Ter. Ed.) c. 90, § 9A, as appearing in St. 1952, c. 100.

Tort. Writ in the Superior Court dated October 6, 1953.

At the trial before *Swift*, J., a motion by the defendant for a directed verdict was denied and there was a verdict for the plaintiff. The defendant alleged exceptions.

---

*Philip A. Brine, Jr.,* for the defendant.

*Richard H. Gens,* (*Irving H. Sheff* with him,) for the plaintiff.

WILLIAMS, J. This is an action to recover for an injury to the plaintiff's eye caused by a fragment of glass from a broken window in a bus of the defendant in which she was a passenger. The accident occurred in the evening of November 24, 1952, on Washington Street in the Roxbury district of Boston. The plaintiff testified that she heard a thud on a window of the bus near where she was sitting; that the window was shattered; that a fine shower of glass came from the broken window; and that a piece of glass lodged in her eye. She contends that her injury was caused by the defendant's use of glass in the window of its bus which was not safety glass as required by G. L. (Ter. Ed.) c. 90, § 9A, as appearing in St. 1952, c. 100, which prohibited the operation of a motor vehicle with windows or windshields of glass "unless such glass is of a type known as safety glass." "[S]afety glass" was therein stated to include any glass designed to minimize the likelihood of personal injury from its breaking or scattering when broken and to be of a type which complied with such minimum standards for construction and performance as the registrar may prescribe. It was provided that the section should not apply to vehicles manufactured prior to January 1, 1936.

To interrogatories propounded by the plaintiff as to the type and material of the window of the bus which broke the defendant answered, "Double thick glass." There was no other evidence of its type nor any evidence as to standards for construction and performance prescribed by the registrar. The plaintiff had a verdict and the case is here on the defendant's exception to the denial of its motion for a directed verdict in its favor.

It is not argued by the plaintiff that the breaking of the window was caused by the defendant's negligence in the operation of its bus. See *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254; *Murphy* v. *Boston Elevated Railway,* 229 Mass. 38; *Luca* v. *Eastern Massachusetts Street Railway,*

271 Mass. 432. She contends that regardless of the cause of the breaking it could be found that her injury was caused by a violation by the defendant of § 9A; that such violation constituted negligence; and that the injury to her eye was a consequence that the statute was intended to prevent. *Guinan* v. *Famous Players–Lasky Corp.* 267 Mass. 501, 516. *Kenyon* v. *Hathaway,* 274 Mass. 47, 52, 55.

As above appears the types of safety glass to which the statute refers include any glass designed to minimize the likelihood of personal injury from its breaking or scattering when broken which complies with the minimum standards for construction and performance which may be prescribed by the registrar. Section 9A has been amended several times. It was first inserted in c. 90 by St. 1930, c. 354, § 1, and prohibited the use of glass in windshields of motor vehicles operated for hire unless of a type known as "non-scatterable" which had been approved by the department of public works. It was amended by St. 1932, c. 168, § 1, to include any motor vehicle and by St. 1935, c. 393, § 1, to apply also to partitions, doors, and windows. In the 1935 amendment the type of glass referred to was described as "non-scatterable or safety glass," and the requirement for the approval of the department was supplemented by a provision that there be kept "on file at the office of the registrar, for public inspection, a list of types of such glass so approved." In a later amendment of the section by St. 1949, c. 358, the glass to which the section referred was described simply as "safety glass" of a type approved by the registrar. In the 1952 amendment which was in effect when the plaintiff was injured "safety glass" was required to be of a type which complied with such minimum standards for construction and performance as the registrar may prescribe.

Although the burden was upon the plaintiff to present evidence from which it could be found that the glass which broke was not the safety glass required by the statute, she offered no evidence of minimum standards for construction and performance prescribed by the registrar and no evi-

dence of types of "non-scatterable or safety glass" listed by the department during the period from 1935 to 1949 when such listing was required. The term "safety glass" has, we think, no commonly understood meaning apart from its statutory definition. A finding was not warranted that the "Double thick glass" of which the window appears to have been constructed was not a type of glass meeting the requirements of § 9A. The mere fact that the glass may have been shattered in the manner described by the plaintiff is not sufficient to warrant a finding that it was of a type the use of which was prohibited. It is not necessary to decide whether in the circumstances it could be found that the bus was manufactured on or after January 1, 1936. The motion for a directed verdict for the defendant should have been allowed.

*Exceptions sustained.*
*Judgment for the defendant.*