WILLIAM J. WILSON *vs.* HONEYWELL, INC.

No. 89-P-25.

Suffolk. December 15, 1989. - February 28, 1990.

Present: PERRETTA, DREBEN, & KASS, JJ.

Further appellate review granted, 407 Mass. 1102 (1990)

*Negligence*, Overhead door, Res ipsa loquitur. *Practice, Civil*, Discovery. *Evidence*, Prior conviction. *Witness*, Impeachment.

In a negligence action the evidence was sufficient for the jury to infer that the defendant was negligent in the maintenance and inspection of an overhead door which had fallen on the plaintiff, and the judge appropriately instructed the jury on the doctrine of res ipsa loquitur. [299-301]

No error appeared at the trial of a negligence action in the judge's allowing, after voir dire, testimony of a certain witness for the plaintiff, whose existence was not disclosed until the first day of trial, where the defendant was generally apprised of the proposed evidence before opening argument, where there was no request made for a continuance to depose the witness, and where the defendant vigorously cross-examined the witness on the issue of his not having come forward. [301-304]

The defendant in a negligence action made no showing that he had been prejudiced by any alleged insufficiency in the plaintiff's pretrial disclosure of his lost wages. [304]

At a civil trial, the judge acted properly within his discretion in excluding, on the basis of lack of sufficient finality, evidence of a witness's criminal conviction offered for impeachment purposes, where the conviction was pending, on appeal, in a jury-of-six session. [304-305]

CIVIL ACTION commenced in the Superior Court Department on June 4, 1986.

The case was heard by *John C. Cratsley*, J.

*Charles W. Cobb* for the defendant.

*James Taff* for the plaintiffs.

DREBEN, J. The defendant appeals from a judgment, entered after a jury trial, awarding the plaintiff damages for injuries received when a door at one of the defendant's loading docks in Lawrence fell on the plaintiff. The primary planks in the defendant's appeal are that its motion for judg-

ment notwithstanding the verdict should have been allowed as there was insufficient evidence of the defendant's negligence and that it was error for the judge to instruct the jury on the doctrine of res ipsa loquitur. The defendant also argues: that the judge abused his discretion in permitting the testimony of a previously undisclosed witness who appeared on the eve of trial, and in allowing evidence as to the plaintiff's lost wages in the face of his failure to comply with a discovery order; and that the judge erred in refusing to allow the plaintiff's credibility to be impeached by a conviction of larceny in a bench trial in the District Court which was on "appeal" for a de novo trial in the jury-of-six session. We find no error and affirm the judgment.

1. *Sufficiency of evidence.* The jury could have found the following facts, taking the evidence in the light most favorable to the plaintiff, the standard applicable in weighing whether a motion for a directed verdict or judgment notwithstanding the verdict should be allowed. *Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co.*, 381 Mass. 1, 3-4 (1980). *McLeod v. White Motor Corp.*, 9 Mass. App. Ct. 132, 134 (1980). On May 6, 1985, the plaintiff truck driver (not an employee of the defendant), who had for several months made daily trips to the Honeywell plant in Lawrence, drove to a loading dock, known as dock 1B, to pick up some freight. There were three rolling overhead doors, similar to home overhead garage doors, at the dock site. The doors were raised and lowered manually on tracks by employees of Honeywell and by employees of truckers and others who loaded or unloaded freight at the dock.

On the day of the accident, when the plaintiff arrived at the dock, the center door was open. He picked up his freight from the shipping room and, while he was loading the material onto his truck, the center door, which was directly over him, descended, pushing him to the ground. After he was hit, the plaintiff noticed a piece of wood and other debris on the dock which had not been there before and also saw "a kind of a cable-type spring mechanism dangling to one side."

At the time of the incident, the door was at least five years old and, prior to the accident, Honeywell had no system for its periodic inspection. The defendant was seen testing the door a few days after the accident, and at that time, the door would not stay up. It kept coming down "a little bit beyond the halfway point." No specific explanation of why the door had fallen was offered by either party. The door was subsequently replaced, apparently for reasons unrelated to the May 6, 1985 accident.

The judge charged the jury that under the doctrine of res ipsa loquitur they were permitted to infer that the defendant was negligent if they were persuaded that the instrumentality causing the accident "was in the sole and exclusive control and management of the defendant, and . . . that the event or accident is of the type or kind that would not happen in the ordinary course of things unless there was negligence by the defendant."

While the judge, perhaps, should have avoided use of the Latin phrase, see *Evangelio* v. *Metropolitan Bottling Co.*, 339 Mass. 177, 179 (1959), a charge on res ipsa loquitur was appropriate, and a finding of negligence was permissible on the evidence. "Permitting the jury to reach such a conclusion 'does no more than recognize that *negligence . . . , like other facts, may be established by circumstantial evidence.*' " (emphasis original). *Zezuski* v. *Jenny Mfg. Co.*, 363 Mass. 324, 330 (1973), quoting from *Evangelio* v. *Metropolitan Bottling Co.*, 339 Mass. at 180.

More than the fact of the door's falling down was shown here. Contrast *Hill* v. *Iver Johnson Sporting Goods Co.*, 188 Mass. 75, 75-76 (1905); *Murphy* v. *Boston Elev. Ry.*, 229 Mass. 38, 39 (1918); *MacGill-Allen* v. *New York, N. H. & H. R.R.*, 229 Mass. 162, 164 (1918); *Luca* v. *Eastern Mass. St. Ry.*, 271 Mass. 432, 433 (1930); *Caranicos* v. *New York, N. H. & H. R.R.*, 277 Mass. 364, 366 (1931). There was evidence that immediately after the accident a broken cable-type spring mechanism was seen dangling, that other debris had fallen, that a few days after the incident the door did not operate properly when tested by the defendant, that the door

was at least five years old and that the defendant had no system of inspection for the door.

From these facts and the jury's common knowledge and experience — the door was similar to an overhead garage door — they could reasonably determine that the spring mechanism holding the door had failed, see *Poirier v. Plymouth*, 374 Mass. 206, 209-210, 214 (1978) (inference permissible that a rusty bolt had snapped),[1] that such a spring mechanism naturally would deteriorate from constant use, and that periodic inspection might be called for to see whether it was safe. There was evidence from which they could find that the door and its spring were "sufficiently in the control of the defendant to permit the latter's negligence to be inferred," *Brady v. Great Atl. & Pac. Tea Co.*, 336 Mass. 386, 391 (1957); Restatement (Second) of Torts § 328D comment g (1965), and that it was more probable than not that reasonable inspection of the door and its spring would have revealed a defective condition before the accident. See *Cushing v. Jolles*, 292 Mass. 72, 77 (1935) (falling weight); *Brady v. Great Atl. & Pac. Tea Co.*, 336 Mass. at 390-391 (broken strap for holding baby in metal shopping carriage); *Poirier v. Plymouth*, 374 Mass. at 216. See also *Griffin v. Boston and Albany R.R.*, 148 Mass. 143, 147 (1889) (broken link); *Callahan v. New England Tel. & Tel. Co.*, 216 Mass. 334, 336 (1914) (broken seat); *Couris v. Casco Amusement Corp.*, 333 Mass. 740, 741-742 (1956) (broken seat); Restatement (Second) of Torts § 328D & comment e (1965).

Contrary to the defendant's contention, the judge did not suggest that the jury should infer that the defendant was negligent under the principles of res ipsa loquitur. His instructions correctly allowed them to make or reject the inference. The defendant's other claims of error relating to negligence are without merit.

2. *Eleventh hour witness and evidence as to the plaintiff's wages.* Prior to trial, the defendant sought, through interrog-

---

[1]In *Poirier*, a finding of negligence was upheld without reference to the principles of res ipsa loquitur.

atories, to have the plaintiff disclose the name of each person who inspected or tested the door or who "has any knowledge whatsoever of any other facts surrounding the plaintiff's occurrence." As late as the week before trial, when the plaintiff supplemented his answers to interrogatories, the answer to that question was unchanged: "Someone told me the door had been broken. I am uncertain of the name of this person or persons."

On the first day of trial, prior to the empanelment of the jury, the plaintiff filed a motion in limine seeking, inter alia, permission to allow Robert Porzio,[2] a fellow employee of the plaintiff, to testify.

The plaintiff's motion was discussed in an unrecorded lobby conference. The record, however, discloses that counsel wanted Porzio to testify as he "possibly has testimony as to the condition of the overhead door . . . . at or about the time" the plaintiff was struck. The judge stated that he would not rule on the admissibility of Porzio's testimony prior to a voir dire and suggested that he was troubled both by the late disclosure of the proposed testimony ("Does it smell of fabrication . . . ?") and by the fact that it is "about the time after this incident."

A voir dire was held after the plaintiff testified. Over the defendant's objection, the judge ruled that Porzio could testify. The defendant suggested that the plaintiff's counsel had had knowledge of Porzio's name several days prior to the motion, but it does not appear on the record that the plaintiff's counsel knew of the full import of the witness's testimony prior to the voir dire.[3]

---

[2]Porzio was the witness who at trial testified that he had seen the defendant test the center door a few days after the accident and that it would not stay up.

[3]The witness testified under subpoena. In this court, the plaintiff's counsel acknowledged that he had had knowledge of Porzio's name the weekend prior to trial. He should have informed the defendant's counsel "seasonably" upon learning of this witness. This is required by the rules of discovery. See Mass.R.Civ.P. 26(e)(1)(A), 365 Mass. 776 (1974). In these circumstances, where trial was to begin shortly and the testimony was significant, immediate notice to the defendant's counsel should have been given.

Although the witness's testimony was significant, we find no abuse of discretion in the judge's allowing Porzio to testify. The defendant claims that its opening statement would have been different had counsel known of Porzio's testimony and also that the late disclosure prevented counsel from taking Porzio's deposition and, as a result, prevented adequate cross-examination. While we do not know what was said at the lobby conference, the record shows that, *prior to opening statement*, the plaintiff's counsel explained that Porzio would testify about the condition of the door and that the judge showed concern that the proposed testimony related to the time after the incident. Since the defendant was at least generally apprised of Porzio's evidence, its claim about a different opening statement does not carry much force. Moreover, the defendant's counsel did not, as claimed in its brief, "promise to the jury that no one would give any proof about any defect in the door." The portion of its opening referred to by the defendant[4] was not inaccurate in stating what the jury would hear.

Although the defendant complains that it was unable to depose Porzio, the defendant did not seek a continuance for this purpose prior to Porzio's testimony. Moreover, on cross-examination the defendant's counsel forcefully brought out the fact that despite Porzio's having known the plaintiff for eleven years, and despite having learned of the accident on the very day it had occurred, Porzio did not come forward with the information he testified to until the week prior to trial.

We see no abuse of discretion here. "The conduct and scope of discovery is within the sound discretion of the judge . . .[, and appellate courts will] not interfere with the judge's

---

[4]The defendant points to the following sentence of opening argument. "And I think if you look at the evidence closely, you will hear that the plaintiff doesn't know what hit him, that he was dazed and foggy after the incident and really didn't know what happened, and that [the] door was not in disrepair, was not defective, either before the incident or after the incident."

Consistent with its opening, the defendant produced evidence at trial that its testing showed the door was not defective after the incident.

exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion." *Solimene* v. *B. Grauel & Co.*, KG, 399 Mass. 790, 799 (1987). No such showing has been made. The adverse effect of Porzio's testimony upon the defendant's case arose from its substance rather than from its late disclosure. The judge was not required to exclude it despite the violation of Mass.R.Civ.P. 26(e)(1)(A), 365 Mass. 776 (1974). *Letch* v. *Daniels*, 401 Mass. 65, 67 n.1 (1987).

The defendant has also not shown an abuse of discretion by the judge in admitting evidence as to the plaintiff's lost wages. Even if considered sufficient to comply with Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975), the defendant's argument as to the lack of disclosure of the plaintiff's wages does not show prejudice. The plaintiff's answers to interrogatories put the defendant on notice of the plaintiff's total wages.[5]

3. *Impeachment of Wilson by his bench trial conviction.* The plaintiff's motion in limine which sought to admit Porzio's testimony also requested the exclusion of the plaintiff's criminal record. The defendant made an offer of proof that the plaintiff had been convicted of larceny at a bench trial and that the conviction was on appeal to a jury-of-six session of the District Court for a trial de novo. The next hearing date in that matter was only a month away. The trial judge ruled that he would exclude the record of conviction as he did not consider the bench trial conviction "final" for purposes of impeachment. The plaintiff urges, relying on *Mann* v. *Commonwealth*, 359 Mass. 661, 666 (1971), that the de novo appeal eradicates the effect of the first trial. That statement goes too far. "The appeal does not render the conviction a nullity for all purposes." *Rubera* v. *Commonwealth*, 371 Mass. 177, 183 (1976). Such a conviction may be con-

---

[5]The plaintiff moved in this court for leave to include a supplemental appendix containing a portion of his deposition in which he indicated that his wages came from two separate entities. In view of the information contained in the interrogatories, the supplemental appendix is not needed, and we need not rule on the motion.

sidered, for example, for purposes of revoking probation, *ibid.*, for revoking a driver's license, *Boyle* v. *Registrar of Motor Vehicles*, 368 Mass. 141, 143 (1975), or for providing the basis for an action of malicious prosecution, *Della Jacova* v. *Widett*, 355 Mass. 266, 268-269 (1969).

In a criminal case a trial judge has discretion to exclude evidence of the defendant's prior convictions. *Commonwealth* v. *Maguire*, 392 Mass. 466, 468-469 (1984). We need not discuss the extent of a judge's discretion to do so in a civil case, although in the civil context the reasons in favor of exclusion may be much less compelling. Cf. *Carey* v. *Zayre of Beverly Inc.*, 367 Mass. 125, 131 (1975); Proposed Massachusetts Rule of Evidence 609(a), reproduced in *Maguire* at 469 n.7; *Green* v. *Bock Laundry Mach. Co.*, 490 U.S. 504 (1989). We think that, at the very least, a judge has discretion to exclude, on the basis of lack of sufficient finality, a bench trial conviction which is on appeal to a jury-of-six session and is scheduled for hearing.[6]

*Judgment affirmed.*

---

[6]We do not consider whether a judge must exclude a bench trial conviction on appeal to a jury-of-six session. See *Keyes* v. *State*, 312 So. 2d 7, 9-10 (Miss. 1975), and *McCauley* v. *Stone*, 315 S.W. 2d 476, 481 (Mo. App. 1958), where convictions were held inadmissible when a de novo trial was to take place. Cf. *Commonwealth* v. *Ford*, 397 Mass. 298, 301 (1986), where it was held that both the bench trial conviction and the jury-of-six conviction for the same offense should not have been admitted as this may have given the jurors the false impression that the defendant was convicted of two offenses.