Merrigan, J.
This case involves an appeal from a judgment entered for the defendant/appellee Kathleen R Isakson in a civil case remanded from the Superior Court to the District Court. The suit involves a dispute between lawyers over a *220 legal fee from a personal injury case retained by Isakson when she left the employ of the plaintiff/appellant Eugene L. Rubin as an associate in his office. After hearing testimony from several witnesses including Rubin and Isakson in a one day bench trial, the court ordered that judgment enter for Isakson. Rubin raises several issues on appeal. We affirm the judgment of the District Court.
First, Rubin argues that because this was a remand case the court had no authority to enter a “judgment” in this case. Rubin’s argument is that the remand statute refers to the “written decision or finding” of the District Court judge and that the outcome of a remand trial in the district court can only be denominated as such. This argument is without merit. The entry of judgment flows from Mass. R. Civ. R, Rule 58 which directs the entry of judgment after “decision” by the court.
Second, Rubin complains that the judge allowed a witness to testify who was not identified as a witness in Isakson’s answers to interrogatories. The decision of the trial judge to allow the witness to testify was completely within his discretion. The exercise of discretion by the trial judge in such matters will not be disturbed in the absence of an abuse of discretion or material prejudice to the aggrieved party. Wilson v. Honeywell, Inc., 28 Mass. App. Ct. 298 (1990). The witness was identified in a pretrial conference report a week prior to trial. The witness offered testimony on a relatively minor point that corroborated the testimony of Isakson and conflicted with the testimony of Rubin and his witness. “The adverse effect [if any] of [the witness’] testimony arose from its substance rather than late disclosure. The judge was not required to exclude it despite the violation of Mass. R. Civ. R 26(e) (1) (A).” Id. at 104. There was no error.
Third, Rubin asserts that the finding for Isakson was clearly erroneous. Rubin makes this argument generally, but also specifically claims that it was clearly erroneous because the court did not award damages of at least $500 to Rubin on a quantum meruit claim. Likewise, Rubin argues that the finding was against the weight of the evidence.
1. Before reaching the issue of whether the finding was clearly erroneous, we first address Rubin’s contention that comments made by the judge at the end of the trial contributed to an erroneous finding by the judge. In closing argument, counsel for Rubin and counsel for Isakson each asserted that the dispositive issue was the credibility of the parties, Rubin and Isakson, as well as their witnesses. Each lawyer suggested that the other’s client was not truthful in trial testimony. The judge then expressed his view that perjury may have been committed by a member of the bar. The judge indicated that he may send a copy of the audiotape of the trial to Bar Counsel. Rubin’s counsel then stated, “I suggest to the Court this is a case where the integrity of the Bar is involved and I hope Your Honor will deal with it and I know you will, in a very responsible manner and in a way that requires attorneys to deal honorably and in good faith with each other in these kinds of matters.” The judge then made the statements complained of by Rubin which, while not explicit, intimated the judge’s view that the untruthful testimony came from Rubin.
These statements by the judge were made at the conclusion of trial. They were made in response to the encouragement to the judge by Rubin’s counsel that something be done concerning the issue of false testimony from a member of the bar. Rubin’s counsel was not unhappy with this course of the discussion until he realized that it was the judge's view that Rubin had testified falsely. The judge urged the parties to resolve the case on their own in the next week so that he did not have to make a decision in such an untoward dispute between two attorneys. Given the circumstances surrounding these remarks, particularly the fact that the objected to comments were brought about by the urging by Rubin’s counsel to the judge that he take action, and our examination of the trial transcript, we are satisfied that these remarks by the judge were not improper. Likewise, we are satisfied *221 on this record that they are not reflective of any extraneous or other bias that infected the decision-making process of the judge in any manner. Moreover, these comments reveal no more than the fact-finder’s credibility assessment of the witness’ testimony which is itself a necessary ingredient of the judge’s fact finding process.
2. There was conflicting testimony concerning the nature and circumstances surrounding Isakson’s departure from Rubin’s law practice. In addition to the testimony of Rubin and Isakson, there were additional witnesses. There was evidence that with respect to one of the cases, the fee had been split 50-50 between Rubin and Isakson prior to the filing of the lawsuit by Rubin.[2] There was also evidence that there was no agreement as to the fee with respect to the other case. At one point after Isakson had left Rubin’s office, Isakson attempted to resolve this dispute by offering to make a payment of $500 to Rubin. Her thinking was that even though Rubin had not spent any actual time on the case, in the interest of compromise, his office was arguably entitled to nominal compensation on a theory of quantum meruit for work done by Isakson while she was in his office. Rubin did not accept this offer.[3] In addition, the evidence was that no significant work had been done on the file prior to Isakson leaving Rubin’s employ. The evidence was also that the case was settled three years after Isakson left Rubin’s office. Our review of the transcript and the record in the case reveals ample evidence to support the factual findings made by the trier of fact. It was the judge’s job to make factual findings where the evidence was conflicting. This means it was up to him to assess the credibility of the witnesses. The findings are not clearly erroneous.
The judgment of the trial court is affirmed.

 Rubin brought suit alleging breach of contract for both cases even though one had been completely resolved prior to commencement of the suit. The trial judge could have easily made significant credibility assessments of Rubin on the basis of this peculiarity.

 Rubin makes much on appeal of the fact that the judge did not, on the basis of this $500 offer, award $500 to him. The evidence that was admitted on this issue did not require the judge to find for Rubin in the amount of $500. Moreover, if objected to, this evidence was likely inadmissible as an offer to compromise. See LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE (1994), §4.6.